CASE 20—UNFAIR COMPETITION—Oct. 13.

## Rains & Sons v. White, Haucke & Co.

APPEAL FROM MASON CIRCUIT COURT.

UNFAIR COMPETITION—IMITATING BRAND.—The adoption of deceiving
imitative devices, irrespective of trade-mark infringement,
whereby the public is misled and the person who has built up a
trade is defrauded of the fruits of his labor and skill, is an
actionable wrong for which the person injured is entitled to
an injunction.

A. M. J. COCHRAN FOR THE APPELLANT.

On unfair competition: Singer Mfg. Co. v. June Mfg. Co., 163
U. S., 183; Lawrence Mfg. Co. v. Janesville Cotton Mills, 138 U. S.,
549; Coates v. Merrick Thread Co., 149 U. S., 565; Singer Mfg. Co.
v. Brent, 163 U. S., 205; Lever v. Goodwin, 36 Ch. Div., 1; Wolfe v.
Hart, 4 Vich. L. R., 125, 134; Burke v. Cassin, 45 Cal., 467; Fleisch-
man v. Schumann, 62 How. Pr., 92; Lea v. Wolfe, 13 Abb. Pr.
N. S., 389; Fetridge v. Wells, 4 Abb. Pr., 144; Brown v. Mercer,
37 N. Y., Sup. Ct., 265; Wirtz v. Eagle Bottling Co., 50 N. J.,
164; Van Horn v. Coogan, 52 N. J. Eq., 380; Dixon & Co. v. Ben-
ham, 4 Fed. Rep., 527; Hostetters v. Adams, 10 Fed. Rep., 838;
Burton v. Stratton, 12 Fed. Rep., 699; Brown Chem. Co. v. Fred-
erick Stearns & Co., 37 Fed. Rep., 360; Myers v. Theller, 38 Fed.
Rep., 610; Putnam Nail Co. v. Bennett, 43 Fed. Rep., 800; Well-
man, &c., Co. v. Ware Tobacco Works, 46 Fed. Rep., 289; Fair
bank Co. v. Bell Mfg. Co., 77 Fed. Rep., 869.

G. S. JUDD FOR APPELLEES.

1. The paper, size, shape, color, attaching of label and the twist
itself are common property.

Rains & Sons v. White, Haucke & Co.

2. No instance of deception or attempted deception has been proven.
3. Numerous other tobacco manufacturers use a similar twist and label.
4. Considering the difference in the names upon their labels and the size and character of the large boxes in which the goods are packed, that both parties had been in the market for three or four years before this suit was brought, no injury has been done or is likely to be done to appellants for which the appellees would be in any wise liable.

Citations:   Lee v. Haley, L. R. 5 ch. App., 55; Cook v. Starkweather, 13 Abb., Pr. N. S. (N. Y. Supt. Ct.), 392; Enoch Morgan v. Troxell, 89 N. Y., 292; 42 Am. Rep., 294, reversing 23 Hun (N. Y.), 632; Avery & Sons v. Meikle & Co., 81 Ky., 101; Metcalfe v. Brand, 86 Ky., 345; Fleischman v. Schumann, 62 How. (N. Y. Sup. Ct.), 92; Delaware Canal Co. v. Clark, 13 Wall., 311.

CHEIF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellants, since 1886, have been engaged in the business of manufacturing and selling chewing and smoking tobacco, in Maysville, Ky., and, in the fall of 1889, placed on the market a particular brand known as the "Rainbow Twist." It was also known as the "Pink-Label Tobacco."

The manner in which they marked this tobacco was by a pink label, seven-eighths $(\frac{7}{8})$ of an inch wide, and four and three fourths $(4\frac{3}{4})$ inches long, gummed on one side so as to adhere to each twist, and having the words "Rainbow Twist" and "Manufactured by J. H. Rains & Sons, Maysville, Ky.," printed on the other side, between a certain border device. This label was stuck on each twist, and around it, printed side out. They caused this brand or trade-mark to be registered in September, 1891, in the United States Journal, a newspaper of large circulation among tobacco people, and which had established a trade-mark registration bureau for tobacco, cigars, etc. They put this tobacco for sale in twelve-pound boxes, one hundred and fifty-six twists to the box, or thirteen twists

to the pound. It soon acquired a valuable reputation, and had an extensive sale. The appellees are likewise tobacco manufacturers. in Maysville, Ky., and in 1893 they placed on the market a twist tobacco put up in twelve-pound boxes, one hundred and fifty-six twists to the box, or thirteen twists to the pound.

It happens that, when they applied to their printer for a label which they designed to put on this twist, he had on hand a label of the same color in use by the appellants, and with the identical border that was on the label of the appellants; and this label was therefore selected by appellees, and attached to each twist of their tobacco—not selected, it is stated, because of these similarities, but because the printer had them on hand. They had printed on the label, however, the words, "The Best Twist," and the words, "Manufactured by White, Haucke & Co., Maysville, Ky."

The general arrangement of these words on the labels of appellants and appellees was precisely similar; so that, when the appellees had gotten a box of twist tobacco on the shelf of the retail dealer the result was that they had duplicated the "Rainbow Twist" of their rivals in all respects except as to the words on the label. And even the arrangement, size and style of the printing were the same; the departure from the appellants' brand consisting solely in substituting the word "Best" for the word "Rainbow," and the words "White, Haucke & Co.," for the words "J. H. Rains & Sons."

The result was confusing on the market, and purchasers who wanted "Rainbow Twist" were given the "Best Twist," to the pecuniary disadvantage of the appellants, and the annoyance of the deceived tobacco

chewer. This suit followed by appellants to enjoin the appellees from the use of this pink label, as arranged on their twist tobacco. The petition was dismissed.

At the outset, it is to be noted that the suit is not one to enjoin the infringement of a trade-mark so much as one to enjoin the processes by which White, Haucke & Co. have, it is claimed, undermined the business of their rivals by an unfair and fraudulent competition. The adoption of deceiving, imitative devices, irrespective of trade-mark infringement, may mislead the public, and defraud one of the fruits of his labor and skill, quite as fully as if his trade-mark or trade name were bodily appropriated. Here the appellees have not in fact appropriated the trade-mark or brand of the appellants, and it is probable that no monopoly can be claimed by appellants in any one of the many individual things which to the public go peculiarly to mark and designate their goods. But, as said in Lever v. Goodwin, 36 Ch. Div., 1:

"If these particular things are so combined by the defendants' goods as to pass off the defendants' goods as the plaintiffs', then the defendants have brought themselves within the old common-law doctrine in respect of which equity will give to the aggrieved party an injunction, in order to restrain the defendants from passing off their goods as those of the plaintiffs." In the same case another of the judges said: "What is called the general 'get-up,' which is an expression used by some of the witnesses, is so similar that obviously the one might be mistaken for the other. Of course, in all these cases there are differences as well as resemblances, and the question, so far as the packages are concerned, must always be decided by contrasting the striking resemblances with the striking differences. Now, the only difference that strikes

me.at all is this: That Goodwin has substituted the word 'Goodwin' in large letters for 'Sunlight.' That is the whole difference that catches the eye. Then look at the resemblances. Look at the paper; look at the printing; look at the blank space and catch words; look at the whole thing—and it is impossible not to arrive at the conclusion, not only that one was intended to pass for the other, but that that intention has been realized."

In Coats v. Merrick Thread Co., 149 U. S. 565; [13 Sup. Ct. 967], it was said that, irrespective of the technical question of trade-mark, "the defendants have no right to dress their goods up in such a manner as to deceive the intending purchaser, and induce him to believe he is buying those of the plaintiffs." And the same court, in Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S., 549, [11 Sup. Ct., 396], held that, upon the principles applicable to cases analogous to trade-marks, an unfair and fraudulent competition against the business of the plaintiff would, in a proper case, constitute ground for relief.

The case of Wirtz v. Eagle Bottling Co., 50 N. J. Eq., 164 [24 Atl., 658], is strongly in point. The resemblances between the two labels under consideration then, as indicated by the court, were as to their size, color, words descriptive of the goods, and arrangement of them, and the printed letters of the same form, etc.

All of these resemblances are found here, and we are of opinion that the complainants have made out their case, under the authorities and principles adverted to. The appellees have only to adopt a label of a different color; for, while there would remain the same general resemblances between the goods of the two dealers, the striking difference in the color of their labels would ef-

fectually prevent further confusion or deception. This change will hardly work even an inconvenience to the appellees, as their printer in the meantime has likely supplied himself with labels not so distinctly identical as those used by the appellants.

The judgment is reversed, with directions to grant the relief sought, and for further proceedings consistent with this opinion.