## House of Directories v. Lane Directory Company.

(Decided December 6, 1918.)

### Appeal from Daviess Circuit Court.

1.  Continuance—Absence of Witness—Affidavit as to Testimony—Waiver.—Any error in refusing a continuance, for absence of witness, is waived by failure to offer in evidence the affidavit for continuance, showing what his testimony would be.

2. Continuance—Amendment of Pleadings.—A continuance need not be granted for amendment of a petition not introducing a new issue.

3. Trade Marks and Trade Names—Unfair Competition—Action for Damages—Petition—Sufficiency.—Where a corporation, engaged in the business of publishing city directories, falsely advertised that it had purchased the right of a rival company to publish a directory in a particular city, and held a copyright for such directory, and that it would publish its new directory under the name of the old, but that its former owners had no interest in it, it was guilty of unfair competition.

4. Trial—Burden of Proof.—Under section 526, Civil Code, the burden of proof in the whole action lies in the party who would be defeated if no evidence were given on either side.

5. Trial—Burden of Proof.—In an action for damages, for falsely advertising that it had purchased the business of another, the defendant was not entitled to the burden of proof on the ground that it admitted the publication and attempted to justify it, where it denied that the statements contained in the advertisement were false, or that the plaintiffs were damaged, since the plaintiffs would have been defeated if they had offered no evidence to sustain these allegations.

BEN D. RINGO for appellant.

J. J. SWEENEY and W. T. ELLIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

John W. Lane and T. T. Lane, partners doing business under the firm name of the Lane Directory Company, brought this suit against the defendant, the House of Directories, a corporation, to recover damages for unfair competition. From a verdict and judgment in favor of plaintiffs for $500.00, the defendant appeals.

The material allegations of the petition are in substance as follows: Plaintiffs, John W. Lane and T. T. Lane, were partners, doing business in the city of Owensboro under the name of the Lane Directory Company, and as such were engaged in publishing a directory in the city of Owensboro, giving the names, addresses and occupations of the inhabitants of the city, their street addresses and other information, and containing numerous advertisements, and had been so engaged for more than ten years. The defendant is a corporation organized under the laws of North Carolina, with its principal place of

business at Asheville, in that state, and was then and is now engaged in the publication of city directories. In the year 1915, the defendant, claiming to be the successor of the Piedmont Directory Company, came to Owensboro for the purpose of publishing and circulating a city directory similar to the one plaintiffs had been issuing, and on the 19th of November of that year, falsely, maliciously and with the view of taking undue advantage of plaintiffs in their business, advertised that it was the owner and holder of the copyright for the Lane Owensboro City Directory and caused the following notice to be published in the newspapers of Owensboro:

"The House of Directories have a force of experienced directory canvassers at work collecting data for the new Owensboro City Directory, which will be ready for delivery at an early date, and will be by far the most complete directory ever issued for Owensboro. The House of Directories is simply a holding company for several other allied directory companies, which have been in business for a number of years. One of these companies is the Piedmont Directory Company. This company published the last directory of Owensboro, and under very trying circumstances. The previous publishers circulated at that time many untrue reports, and finally, in an attempt to eliminate all ill feelings, the Piedmont Directory Company purchased outright from the Lane Directory Company all claims they had to publish the Owensboro City Directory, and this is a record of court. The Piedmont Directory Company also hold the copyright for Lane's Owensboro City Directory, and the new directory will be issued as Lane's Owensboro, Kentucky, City Directory, but the Lanes have no interest whatsoever in the matter, having sold out their right, which we have been informed they now repudiate. We shall proceed with our publication regardless of what may come up, and feel sure that when the facts are known, we will have the support of most, if not all, fair and honest business men. For reference, any bank, city of Asheville, N. C.

"HOUSE OF DIRECTORIES,
"Successor to Piedmont Directory Company,
"E. H. Miller, President."

The statements contained in above notice, that the Piedmont Directory Company had purchased from the Lane Directory Company all claims they had to publish

the Owensboro City Directory, and that this was a record of court, and that the Piedmont Directory Company held the copyright for Lane's Owensboro City directory, and that the new directory would be issued as Lane's Owensboro City Directory, were false and were published for the purpose of deceiving the people of Owensboro and with the view of getting the subscribers and business of plaintiffs in that city, and constituted unfair competition. Defendant also caused similar reports to be circulated through the city of Owensboro among the subscribers and patrons of Lane's Directory, with the view of getting and obtaining the subscribers thereto, and the said methods employed by its agents, servants and employees were unfair competition.

By reason of said publication and circulation of said false reports, defendant secured large subscriptions for its city directory amounting to over $1,000.00, and a large amount of advertising, amounting to over $500.00, and plaintiffs, by reason of the false reports published in the newspapers and circulated by defendant's agents and servants, were unable to get out a directory and were forced to cease all efforts to publish the same, as was their purpose to do, and their business, which was valuable, was destroyed to their damage in the sum of $500.00.

By an amended petition, plaintiffs set up the fact that their business of publishing a directory in the city of Owensboro was a valuable one, and that the patronage enjoyed by them brought them an income of $2,400.00 every two years, which business was destroyed by reason of the false statements published in the newspapers of Owensboro and circulated by the defendant's agents and servants.

The first ground urged for reversal is the refusal to grant a continuance because of the absence of the witness, Stanton, who, it is claimed, was the chief officer and agent of the defendant, having the matter in charge.

The motion for the continuance was accompanied by the affidavit of defendant's counsel, stating what the testimony of the absent witness would be. It does not appear, however, that this affidavit was ever offered in evidence. That being true, the error, if any, in refusing the continuance was waived. United States Fidelity & Guaranty Company v. Boyd, 94 S. W. 35, 29 Ky. Law. Rep. 601.

It is further insisted that a continuance should have been granted because plaintiffs filed a second amended petition introducing a new issue. The amended petition simply alleged that it was not true that plaintiffs had sold their copyright, or the right to publish their directory, to the Piedmont Directory Company or to any one. Clearly, this did not introduce any new issue, because the original petition had alleged that the statement that the Piedmont Directory Company had purchased outright from the Lane Directory Company all claims they had to publish the city directory was and is a false statement, and this was equivalent in effect to the allegation contained in the second amended petition.

It is further insisted that the petition does not state a cause of action for unfair competition. In this connection, it is argued that as the advertisement stated that the Lanes had no interest in the directory, there was no attempt to deceive the public by leading them to believe that they were subscribing for the directory of the Lanes. It may be admitted that cases of unfair competition usually arise from the adoption of a trade mark or a trade name similar to that used by another, but as we understand it, the rule is not confined to such cases. Indeed, the rule is broadly stated, that any conduct, the natural and probable tendency and effect of which is to deceive the public, so as to pass off the goods or business of one person as and for that of another, constitutes actionable, unfair competition. 38 Cyc. 756; Morton v. Morton, 148 Cal. 142, 82 Pac. 664, 1 L. R. A. (N. S.) 660; Rains v. White, 107 Ky. 114, 52 S. W. 970. Thus, oral representations made by a dealer, tending to pass off one man's goods for those of another, may be enjoined. Weber Medical Tea Co. v. Kirkschstein, 101 Fed. 580. The rule is not confined to any particular method, but includes every possible means of effecting the result. There can be no difference in principle between the adoption of a trade mark or trade name so similar to that of another as to deceive the public and lead them to believe that they are purchasing the goods of such other person, and falsely advertising that you have purchased the business of another and will conduct it under the same name. Here the defendant advertised that it was the owner and successor of the Piedmont Directory Company, that the latter company had purchased from the Lane Directory Company its right to publish the Owensboro

City Directory, that the Piedmont Directory Company also held the copyright for Lane's Owensboro City directory, and that the new directory would be issued as Lane's Owensboro City Directory but the Lanes had no interest in the matter. The evidence shows that all these statements were false. In making these statements the defendant could have had but one purpose in view, and that was to deceive the public into the belief that in subscribing for the directory proposed to be issued by the defendant they were subscribing for Lane's Owensboro City Directory. If this did not result in defendant's palming off its directory as that of plaintiffs, it was not due to any lack of effort on the part of defendant. As a matter of fact, the method pursued was much more effective than the mere adoption of a similar trade name or a similar trade mark. The most that can be said of the latter method is, that it was calculated to deceive the public, but the method adopted by the defendant was so artfully contrived as to make it impossible for the public not to be deceived. We therefore conclude that the defendant was guilty of unfair competition and that the petition stated a cause of action.

There is no merit in the contention that the defendant was entitled to the burden of proof because it confessed the publication and attempted to justify it. Under our Code, the burden of proof in the whole case lies on the party who would be defeated if no evidence were given on either side. Civil Code, section 526. While it is true that the defendant admitted the publication, it did not admit any of the other allegations contained in the petition. On the contrary, it denied that the Lanes were partners or that they were engaged in publishing a directory in the city of Owensboro, or in soliciting advertisements for same, or that they had been so engaged for a period of more than ten years. It further denied that the statements contained in the advertisements were false or that the Lanes had been damaged. Under these circumstances, plaintiffs would have been defeated if they had offered no evidence to sustain the allegations of the petition. It follows that the trial court correctly ruled that the burden of proof was on plaintiffs.

Other alleged errors are relied on but we do not deem them of sufficient importance to merit a discussion or to authorize a reversal.

Judgment affirmed.