### Welch, et al. v. Jenkins, et al.
(Decided January 21, 1921.)

### Appeal from Anderson Circuit Court.

1. Appeal and Error—Review.—An error of the trial court in the trial of an action at law can not be reviewed upon appeal, unless the error is set out and relied upon in the grounds for a new trial.

2. Appeal and Error—Setting Verdict Aside.—A verdict of a properly instructed jury will not be set aside on the ground that the evidence is not sufficient to support it, unless the verdict is palpably against the evidence.

3. Damages—Excessive Damages.—A verdict for damages will not be held to be excessive, unless it appears at first blush to have been caused by passion or prejudice on the part of the jury.

DENNIS DUNDON and J. E. PLUMMER for appellants.

L. H. CARTER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT.—
Affirming.

On the 5th day of August, 1918, the appellant, W. M. Welch, entered into a contract with the appellees, J. W. Jenkins, and Albert Morris, by the terms of which he agreed to sell to the appellees a farm, near VanBuren, containing 170 acres, a quantity of tobacco sticks, and the right to put a number of cattle, at pasturage, upon the land, between the date of the contract and the first day of January, following, in consideration of the sum of $5,000, of which sum $500.00 was to be and was paid, at the date of the contract, $1,662 2-3, was to be paid on January 1st, 1919, at which time the appellant was to execute and deliver to the appellees a deed of conveyance for the land and tobacco sticks, and to deliver the possession to them. The remainder of the consideration agreed upon was to be paid by appellees, in three equal annual installments, and a lien retained in the conveyance to secure the payment. The contract was reduced to writing and executed by the parties on the day it was agreed upon. The appellant, Welch, refused to carry out and perform the contract, and the appellees instituted this action to recover from him, the damages, which they claimed to have suffered from appellant's breach of it. About eleven months after the date of the execution of the contract, the appellant, Welch, was by a judgment of the county court, declared to be incompetent to manage his estate and a committee was appointed for him, and duly qualified, and who was, also, made a party defendant to the action, and is an appellant, here. An answer was filed by Welch, in which he sought to escape liability upon the contract by averring that at the time of its execution, he was drunk from the use of intoxicating liquors, and therefore did not comprehend the nature of

his acts. This averment was denied by a reply. After the committee was appointed, she filed an answer averring, that when the contract was entered into appellant, Welch, was drunk, and was, also, of unsound mind. These averments were denied by a reply. The answer, also, denied the allegations of the petition and amended petitions touching the damages claimed to have been suffered. The trial resulted in a verdict of the jury, in favor of appellees, finding for them, the $500.00 which they had paid upon the purchase price of the land, and the further sum of $2,000.00, in damages for the breach of the contract and the court adjudged accordingly. No complaint is made of the instructions to the jury, and it is conceded, that the measure of damages prescribed by the instructions is correct. The only issues submitted to the jury, were the ones touching the mental soundness of appellant, and his ability to make and enter into the contract, and the issue as to the damages claimed. Instructions, other than the ones given by the court were not offered.

A reversal of the judgment, however, is sought upon three grounds.

First: The court erred in the admission and rejection of testimony.

Second: The verdict is not supported by the evidence.

Third: The damages allowed are excessive.

(a) The alleged errors of the trial court, in the admission and rejection of testimony was not made a ground for a new trial, in the trial court, nor there relied upon, and for that reason, we are precluded from considering such grounds for reversal, here. By a long line of adjudications, it has been consistently and uniformly held, that errors of the trial court in the trial of an action at law are not a subject of review upon appeal, unless the error is set out and relied upon in the grounds for a new trial. Otherwise, it is considered, that if a party fails to bring an alleged error to the attention of the trial court, in his grounds for a new trial, he has elected to waive the error, if one has been made. Harris v. Southern Ry. Co., 25 K. L. R. 560; L. C. & L. R. R. Co. v. Mahoney, 7 Bush 238; McLain v. Dibble, 13 Bush 297; Commonwealth v. Williams, 14 Bush 297; Alexander v. Humber, 86 Ky. 569; Acme Mills & Elevator Co. v. Rives, 141 Ky. 783; Hatfield v. Adams, 123 Ky. 422; L. & N. R. R. Co. v. Wilkins' Gdn., 143 Ky. 575; City of Frankfort v. Buttimer, 146 Ky. 818; L. & N. R. R. Co. v. Com-

monwealth, 154 Ky. 294; L. & N. R. R. Co. v. Culbertson, 158 Ky. 561; Slater v. Sherman, 5 Bush 206; Jones v. Worden, 90 Ky. 230; Gooch v. Williams, 156 Ky. 282.

(b) There was an entire failure to prove, that at the time of the making of the contract, appellant, Welch, was suffering from intoxication, and hence, the court was not called upon to instruct the jury upon that subject. The cashier of a neighboring bank was called upon by appellant, Welch, to prepare the contract between him and appellees, and this witness testifies to having observed nothing which indicated unsoundness of mind, in his appearance, conversation or actions. No witness was offered, who proved, that at or previous to the making of the contract the appellant, Welch, had ever shown any indications of unsoundness of mind, although one witness testified that he had at certain times, suffered from what appeared to have been epileptic convulsions, and two physicians depose, that over a year after the making of the contract, they examined him, and from his history, they were of the opinion, that he was afflicted with epilepsy, which in some persons has a tendency to weaken the mind. No neighbor or acquaintance was offered, although several of them testified as to the value of the farm, who was inquired of or deposed to any knowledge of appellant being afflicted with epilepsy, or ever having exhibited any indications of unsoundness of mind. The measure of damages relating to the refusal of appellant to perform the contract to convey the land, the court instructed the jury, was the difference between the price at which appellees had contracted to purchase it, and its reasonable market value on the 1st day of January, 1919, when, according to the contract, the conveyance was to have been made and possession delivered. The contract price was about $30.00 per acre, and five or six witnesses deposed that its market value on January 1st, 1919, was from $40.00 to $50.00 per acre. These witnesses were farmers and deposed to the knowledge of the value of the land and lands in its neighborhood. About an equal number of witnesses deposed that its value on January 1st, 1919, did not exceed $20.00 to $30.00 per acre. It was within the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and the fact, that it accepted the testimony of the witnesses, who fixed the value of the land at from $40.00 to $50.00 per acre, rather than those who deposed that it was of less value on Jan-

uary 1, 1919, does not present a case of an insufficiency of evidence to support the verdict. The evidence was ample to support the verdict, if the jury believed it. A verdict of a properly instructed jury, will not be set aside, on the ground that the evidence is not sufficient to support it, unless the verdict is palpably against the evidence. Denker Transfer Co. v. Pugh, 162 Ky. 818; Adams Express Co. v. Tucker, 161 Ky. 741; Kincaid v. Bull, 159 Ky. 527; L. & N. R. R. Co. v. McArthur, 163 Ky. 291; Thompson v. Thompson, 93 Ky. 435; Page v. Carter, 93 Ky. 192; Hemstein v. Depue, 24 R. 886; McClain v. Esham, 17 B. M. 146; Bell v. Keach, 80 Ky. 42.

(c) The appellees' claim for damages rested upon the claim that the land on the 1st day of January, 1919, at the time when the appellant agreed to convey it to them and deliver the possession, was largely in excess of the contract price, and in addition to that item of damages, the damages sustained by them, by the refusal of appellant to deliver them a large quantity of tobacco sticks and permit them to pasture the land between the date of the purchase and the 1st day of January, 1919, were, also, relied upon as items of damages. The jury fixed all the damages which they had suffered, arising from the different elements, at the sum of $2,000.00. The jury seems to have arrived at the conclusion from the evidence, that the increase in the value of the land between the date of the contract and the date when it should have been conveyed, under the contract, was from ten to twelve dollars per acre. It is apparent from the testimony of the witnesses, who testified for appellees, and whose testimony the jury seems to have accepted, that the verdict in damages was not excessive, as some of the witnesses for appellees fixed the value of the land on the 1st day of January, 1919, at as much as $50.00 per acre, and the witness for appellees who fixed it at the lowest value on that date, was of the opinion that it was of the value of $40.00 per acre. Under this evidence, it can not be said that the damages were excessive. To be excessive the damages must be such as to strike the mind at first blush as having been superinduced by passion or by prejudice, and a verdict for damages will not be set aside except for being excessive, or for having been estimated upon an erroneous measure. L. & N. R. R. Co. v. Fox, 11 Bush 495; L. & N. R. R. Co. v. Long, 94 Ky. 410; New Bell Jellico Coal Co. v. Sowders, 162 Ky. 443; Northeast Coal Co. v. Setzer, 169 Ky. 245; Shirley v. Billings, 8 Bush 147; Letton v. Young, 2

Met. 558; L. & N. R. R. Co. v. Thomas' Admr., 107 Ky. 145.

No error reviewable upon the record appearing, the judgment is therefore affirmed.