## Louisville & Interurban Railroad Company v. Bullock.

(Decided May 15, 1923.)

### Appeal from Shelby Circuit Court.

1.  Carriers—Company Equipping Street Cars with Push Buttons Cannot Claim Passengers Should Notify Conductor of Desire to Alight.—Since push buttons in street cars are ordinarily used for the purpose of giving notice of a passenger's desire to alight, a company using cars equipped with such buttons invites a passenger to use them for that purpose, and will not be heard to say that

the use of the buttons was insufficient, and the passenger should have otherwise notified the conductor of a desire to alight.

2. Carriers—Evidence Held Sufficient to Take to the Jury Issue Whether Plaintiff Signaled Before Car Reached Her Street.—Testimony by plaintiff that she pushed the button in an interurban car before it reached her street and heard the bell ring, with testimony by another passenger he heard the bell ring but did not know whether it was before she reached her street or not, held sufficient to take to the jury the issue of whether the bell was rung before reaching the street, notwithstanding the conductor's denial.

3. Carriers—Whether Attack of Asthma was Induced by Excitement of Being Carried Past Destination and Being Compelled to Walk Home for Jury.—Whether an attack of asthma, suffered by plaintiff after being carried past her destination, was caused by the nervous excitement incident to the failure of the car to stop when signaled and by the additional walk to her home, held, under the evidence, for the jury.

4. Damages—$500.00 for Carrying Passenger Beyond Destination Which Jury Might have Found Caused Attack of Asthma, Held Not Excessive.—In an action against an interurban railroad company for carrying a woman 1,000 feet beyond her destination after which she suffered a severe attack of asthma, which the jury might have found, under the medical evidence, resulted from the excitement and the added walk, a verdict awarding $500.00 damages was not so excessive as to strike the mind at first blush as having been induced by passion or prejudice.

WILLIS & TODD for appellant.

BECKMAN & GILBERT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment for $500.00 for damages alleged to have been caused by appellant's negligence in carrying appellee past her destination.

On the afternoon of April 13, 1920, appellee boarded one of appellant's interurban cars at Sixth and Main streets in Shelbyville, with the intention of leaving the car at Adair avenue in the western part of the city. The car was equipped with push buttons. When the car reached Magnolia avenue, the next stop east of Adair avenue, two passengers got on the car, and appellee claims that she then pushed the button and heard the bell ring. After that she pushed the button several times, and, as the car did not stop, she appealed to a young man on the car, who pulled the bell cord and caused the car to stop at the Smithfield pike. From that point the distance to

her home was 1,450 feet. Had she gotten off at Adair avenue she would have had to walk only 463 feet. The conductor having declined to back the car, she started for her home. After walking about 1,000 feet she was overcome by a violent attack of asthma, and had to be carried to her home. On reaching her home she was given a hypodermic, and was confined to her bed for about two weeks. On cross-examination, appellee admitted that she did not tell the conductor where she wanted to get off, and that she had walked a considerable distance up hill before taking the car. Three or four parties on the car stated that they did not notice appellee making any effort to stop the car until after Adair avenue had been passed. The young man who pulled the bell cord heard the bell ring, but was unable to say whether it was before or after the car reached Adair avenue.

Appellant introduced evidence to the effect that it was a rule for passengers to notify the conductor where they intended to get off, and that push buttons were not used for that purpose. The conductor testified that the bell was not rung before the car reached Adair avenue, and he declined to back the car because it was not his fault that appellee was carried past her destination.

The contention that appellant was not negligent because appellee did not notify the conductor in person of her intention to get off at Adair avenue cannot be sustained. Whether the company might dispense with push buttons and require all passengers to notify the conductor where they intend to get off, it is unnecessary to determine. It is sufficient to say that push buttons are ordinarily used for that purpose, especially in towns and cities, and where the company makes use of cars equipped with push buttons, this of itself is an invitation to a passenger to use them, and it will not be heard to say that the means thus provided were insufficient, and that the passenger should have resorted to some other method of notifying the conductor where he intended to get off the car.

On the question whether appellee pushed the button before reaching Adair avenue. we think the evidence was sufficient to take the case to the jury.

But it is insisted that the verdict is excessive. The argument is that it is just as probable that the attack of asthma was brought on by appellee's walk up the hill before taking the car, as by the extra walk caused by her being carried past her destination. It is true that one

of the physicians stated that he would be unable to say which one of the walks caused the asthma, but he afterwards qualified his statement by saying that any excitement would bring on an attack of asthma. He further stated that when he gave the hypodermic appellee was suffering great pain for want of breath. Her regular physician stated that appellee suffered a great deal, and that, after the attack, she had not been as strong as she was before; that while her vitality had decreased, it was impossible to tell to what extent; that he had seen her have attacks of asthma before, but that the attack on the occasion in question was the worst he ever saw her have; that while the walk had something to do with the attack, it did not have as much to do with it as the excitement caused by her being carried past Adair avenue. Taking into consideration the fact that the attack of asthma did not come on immediately after the walk up the hill, but did come on after the nervous excitement incident to appellee's being carried past her destination, and after the additional walk which she was required to take, we conclude that it was for the jury to say whether appellant's negligence was the proximate cause of her weakened condition, and subsequent suffering, and if such was the case, we are not prepared to say that the verdict it so excessive as to strike the mind at first blush as having been superinduced by passion or prejudice. Welch v. Jenkins, 190 Ky. 475, 227 S. W. 798.

Judgment affirmed.