## J. Abraham & Sons, Incorporated v. Fallis, Jr., by, etc.

(Decided May 12, 1925.)

### Appeal from Franklin Circuit Court.

1. Damages—When Award is Excessive Stated.—To be excessive, an award of damages must be such as to strike the mind at first blush as having been superinduced by passion or prejudice.

2. Damages—Verdict of $1,250 for Permanent Injury to Head Held Not Excessive.—Award of $1,250 held not excessive for wound on head, resulting months afterwards in pains in the head, caused by thickening of the brain covering, which condition was probably permanent.

3. Damages—Permanent Reduction of Earning Power of Plaintiff, After Becoming of Age, Held Proper Element of Damages for Injury.—Permanent reduction of earning power of plaintiff minor, after becoming of age, held proper element of damages, in action for injury, where the injury was probably permanent and calculated to interfere with plaintiff's earning capacity.

4. New Trial—Overruling Motion for New Trial Based on Alleged Misconduct of Counsel in Argument to Jury Held Proper, in View of Counter Affidavit.—Overruling motion for new trial based on misconduct of counsel in argument to jury, consisting of alleged remark, held proper, in view of counter affidavit denying the utterance of such remark.

5. Appeal and Error—Appellant Held to Have Waived Misconduct of Juror in Failing to Move for its Discharge.—Misconduct of juror, after case had been submitted, in obtaining information from plaintiff's father, held waived by defendant's failure to enter motion to discharge jury, when the juror's misconduct was dealt with by the judge by telling jury to disregard the information so acquired.

6. Appeal and Error—Court of Appeals Must Assume that Jury Followed Directions of Court to Dismiss from its Consideration Improper Information Obtained.—Court of Appeals must assume, in absence of evidence to contrary, that jury followed directions of court to dismiss from its consideration improper information obtained by juror.

POLK SOUTH, JR., JOHN S. HASWELL and STEPHEN S. JONES for appellant.

LESLIE W. MORRIS and J. C. JONES for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The judgment for $1,200.00 in favor of John Fallis, Jr., against Abraham & Sons, incorporated, for personal injuries inflicted upon him by the truck of the company striking him when it attempted to avoid a collision with an automobile on the Owenton pike near the intersection of the road that leads to Thornhill Heights, in the suburbs of Frankfort, Franklin county, is assailed on this appeal as excessive as well as otherwise erroneous. Appellee prosecutes this action by his next friend, he being only seventeen years of age.

The accident happened at night as the boy was returning from Thornhill. About the time he reached the Owenton pike a car turned into Thornhill road in an effort to turn around and return to Frankfort. While this car was attempting to make the turn the truck of

appellant, Abraham & Sons, traveling at a high rate of speed in the direction of Frankfort, suddenly came upon the scene. When the driver of the truck saw the automobile in his pathway and being unable to stop or turn to the left and avoid the car, drew the truck to the right over the tracks of the street car company on to the sidewalk where young Fallis was traveling, striking him and knocking him down and rendering him unconscious, and inflicting the injuries of which he now complains. The injuries were principally about his head. The evidence of Dr. Patterson and other persons showed that he sustained a scalp wound about eleven inches long, cut to the bone and the flesh laid back. He was carried to the hospital, where he remained about eight days. Thereafter he was nursed at home until he in part recovered. Since the accident he has suffered with headaches and pains in his head, with which he was not bothered before the accident. Dr. Patterson was asked several hypothetical questions with respect to the permanency and effect of the injury received by young Fallis, and in substance answered that if the boy was suffering from headaches at the time of the trial, as he testified, in all probability the duramata, a covering of the brain, had thickened from the blow or jar to the boy's head by the collision with the truck, and that this condition was in all likelihood permanent. Upon this subject the questions propounded to and answers given by Dr. Patterson are as follows:

"15. Assuming that since that time he has suffered with headaches every few days and was free from this condition before the injury, what would you say as to whether or not that was caused by the injury? A. Yes, I would think that would be the cause of it, if he did not have headaches before the injury.

"16. Would you give the jury your opinion of what condition would cause the headache? A. What often causes headache is that the brain has a covering known as duramata, that will thicken from a jar or blow on the head.

"18. Doctor, you have testified about the condition in which you found this young man. Now, assuming that prior to his injury he had not been suffering from headaches or anything the matter with his head, and that following his injury and this

wound you have described to the jury he suffered from a headache every few days, would you or not say, in your opinion, that that was attributable to the thickening of the brain covering that you have referred to? A. It looks like that would be the cause of it.

"19. If he has suffered as I have stated since the injury would you give it as your opinion that that was the cause of it? A. It looks like it would be.

"20. Would that condition in your opinion be permanent? A. If it has been running on for six months, and there is a thickening of the duramata, it would be permanent, I think."

Appellant's argument to the effect that the judgment is excessive is based largely upon the theory that there was no permanent injury. We think the evidence which we have copied shows with reasonable certainty that the boy sustained a permanent injury, and was sufficient to warrant the jury in awarding him $1,250.00 in damages, if he were entitled to recover at all. To be excessive the award of damages must be such as to strike the mind at first blush as having been superinduced by passion or prejudice. Welch v. Jenkins, 190 Ky. 479. It would be hard, indeed, to say that $1,250.00 for such a wound as that inflicted upon appellee, Fallis, in the instant case is excessive. The wound was about eleven inches long and cut through the tissue, nerves and blood vessels to the bone, the flesh being laid back so as to expose the skull. The boy was knocked unconscious. Months after the wound had healed he had pains in his head, which resulted from a thickening of the duramata, a brain covering, and, if true, the doctor thinks was permanent. All these facts considered, it does not strike one at first blush, or at all, that the verdict is excessive.

Appellant's second complaint is that the court erred in instructing the jury to consider the question of the permanent reduction of plaintiff's power to earn money after he became twenty-one years of age, as an element of damage. If, as stated by the attending physician, the duramata had become thickened and was causing pains and aches in the head of the boy six months after the injury, and that this condition was likely to continue, it was properly an element of damage to be considered by the jury as such pain was calculated to interfere with his

earning capacity, and as he was not entitled to have a recovery for this until after he arrived at his majority, we think the court properly embraced it in its instructions to the jury in the form given.

The next ground assigned for a reversal of the judgment is rested upon the misconduct of the attorney for plaintiff in his argument to the jury in stating that the proof showed that the skull of plaintiff, John Fallis, Jr., had thickened and was the cause of his headaches, and in further stating that the witness for the plaintiff, Dr. Patterson, stated in his testimony that "the boy's skull had thickened, when as a matter of fact the physician in his testimony had not said anything of the kind, and the only testimony of said physician relative to that proposition was that he could not say that his skull had thickened, and that the only way that could be determined was through the X-ray and that no X-ray had been taken."

In support of this motion counsel for appellant filed his affidavit, stating in substance that he was present at the trial in April, 1923, and that counsel for appellee, in argument to the jury, stated substantially that the skull of the plaintiff, John Fallis, Jr., had thickened and that that was the cause of his headaches, and that the witness, Dr. Patterson, had stated in his testimony that the boy's skull was probably thickened.

In response to the foregoing affidavit the attorney for appellee filed an affidavit saying in substance that he "did not state in argument to the jury the things set forth in the affidavit of opposing counsel; but in substance did say that Dr. Patterson had stated he could not say the membrane around the brain had thickened as a fact, but that Dr. Patterson said that matter could only be determined by an X-ray examination and that he (counsel) argued to the jury that an X-ray examination would only show a bone involvement and would show nothing with respect to the membrane covering the brain; that Dr. Patterson had said that the injury to the head received in the collision probably caused the boy's headaches, assuming the boy had headaches." Upon this showing the trial court overruled the motion for new trial based upon this ground. We find no reason to disturb it.

The fourth and last ground relied upon by appellant for a reversal of the judgment is, error in overruling the defendant's objection and his motion to discharge the jury because of the misconduct of one of the jurors in leaving the jury room and discussing the case with

plaintiff's father and next friend, in the absence of counsel. After the case had been submitted to the jury and it had retired to its room for consideration of its verdict one of its members came into the court room and approached Fallis, who was standing in the bar near the bench occupied by the judge, and inquired of Fallis, in the presence and hearing of the trial judge, whether the doctor's bills and hospital bills of young Fallis had been paid, and receiving an answer that part of them had been paid and part not, he returned to the jury room. Immediately upon the happening of this incident the presiding judge sent for the jury and had it brought into open court where, in the presence of counsel for both sides, he admonished the jury not to consider the statement made to the juror by Fallis in the presence of the judge, and stated to the jury that the question of the payment of the hospital and doctor bills were not before it. No motion was made to discharge the jury on account of the occurrence and the court directed it to retire to its room for consideration of the case. After further deliberation it returned the verdict of which complaint is now made. While this was an unfortunate incident and one that can not be approved, we think the appellant by failing to enter motion to discharge the jury when the matter was called up by the judge in the presence of counsel, waived the error, if error there was, and cannot now be heard to complain. The matter about which the juror inquired was a trivial one, not calculated to have a telling influence upon the verdict, but notwithstanding this, the court carefully and completely admonished the jury that it must not consider the statement of Fallis made to the juror concerning the payment of the doctor bills and hospital bills, thus taking entirely from the jury the whole statement. It cannot be presumed that the jury disregarded the admonition of the court, but on the contrary we must assume, in the absence of a showing to the contrary, that the jury followed the directions of the court and dismissed from its consideration the information obtained by the juror from Fallis in the manner stated above.

As we have found no error prejudicial to the substantial rights of appellant, and none are pointed out by counsel, the judgment must be affirmed.

Judgment affirmed.