Jess **FIELDS** et al., Appellants,

v.

Belinda **BAKER**, By Her Guardian, Orene W. Hemby, et al., Appellees.

Court of Appeals of Kentucky.
Nov. 20, 1959.

F. B. Martin, Mayfield, for appellants.

W. C. Tipton, Hickman, Robbins & Cross, Mayfield, for appellees.

BIRD, Judge.

Mary Fields while operating the automobile of Jess Fields, her husband, collided with an automobile owned and operated by Ernest Wilkins.

Belinda Baker, a guest in the Wilkins car, was injured. She brought this action against the Fields and Wilkins. She charged her injuries to the concurring negligence of the two operators. A jury exonerated Wilkins but found against the Fields, awarding compensatory damages in the sum of $7,500 and special damages in the sum of $602.33. The latter award was for medication, surgery, hospitalization and incidental transportation and was subject to a credit of $158.53 paid by an insurance company.

This is the second action arising from this collision. Both Mary Fields and Jess Fields sued Wilkins who counterclaimed. The jury found both parties negligent and a judgment entered on the verdict was affirmed by this Court. Fields v. Wilkins, Ky., 277 S.W.2d 467. Mary and Jess Fields appeal from the judgment in this action.

It is first argued that the court erred in denying a motion for continuance.

The case was set for trial on October 2, 1956. Mary and Jess Fields were both seriously ill at that time and were unable to attend the trial. This was one of the grounds for continuance.

Upon examination of the record we find that the case was continued because of the same serious illness at the preceding May and January terms of the Fulton Circuit Court. The record indicates that there had been no improvement in the physical condition of these parties from January 1956 to October 1956. The record fails to show even a remote possibility of improvement in the future. There is nothing in the record to indicate that these parties would ever be able to attend court. In fact the Fields' physician testified that improvement was unlikely for either of them.

■■ This case had been on the docket since 1952. The former testimony of these parties was available for use in this action. Under these conditions we cannot say that the trial court abused its discretion in denying a continuance because of the illness and absence of Jess and Mary Fields. To deny or grant a continuance is within the sound discretion of the court and there must be a clear abuse of that discretion before this Court will interfere. Stallard v. Witherspoon, Ky., 306 S.W.2d 299. This rule applies when the motion concerns the unavoidable absence of a party. Overstreet v. Citizens' Union National Bank, 256 Ky. 653, 76 S.W.2d 641; Farris v. Evans, 289 Ky. 418, 158 S.W.2d 941.

■ The absence of several witnesses was the second ground asserted in the motion for continuance. With the exception of the witness, Win Whitnell, the affidavit in support of the motion stated what each absent witness would state if present. We fail to find where any of these statements were offered in evidence during the trial. If the court was in error in denying a continuance because of these absent witnesses, that error was waived by appellants' failure to offer these statements in evidence. House of Directories v. Lane Directory Co., 182 Ky. 384, 206 S.W. 475.

■ An affidavit setting forth Whitnell's testimony was offered to be read but, so far as this record discloses, that affidavit was not filed in support of the motion for continuance. It will not for that reason be considered in passing on the question of continuance. Under the prevailing circumstances it is the Court's opinion that the trial judge properly overruled the motion for continuance.

Appellants next contend that the damages are excessive. Belinda Baker at the time of the accident was nine years of age. Both bones of her leg were broken. She wore a cast of one kind or another for nine months. There seems to have been a residual deformity but it does not appear that her power to earn money has been impaired.

■ There is no exact formula for the assessment of damages for pain and suffering. We must therefore rely upon a general and flexible rule pertaining to excessive damages. If the award does not strike the mind at first blush as being superinduced by passion and prejudice this Court will not disturb the finding. Hedges v. Neace, Ky., 307 S.W.2d 564; Welch v. Jenkins, 190 Ky. 475, 227 S.W. 798; J. Abraham & Sons v. Fallis, 210 Ky. 129, 275 S.W. 380.

■ The award in this case may be liberal but it passes the test of the rule and we shall not disturb it.

 The appellants challenge the jury's finding on the question of negligence. They contend that the evidence does not support the verdict. Upon careful examination of the record we find conflicting testimony as to whose negligence caused the collision. The evidence was sufficiently substantial on each side to require a submission to the jury. While this Court may have taken another view of the evidence we will not usurp the prerogative of the jury and disturb its finding. Stewart v. Sizemore, Ky., 306 S.W.2d 821.

We find nothing in the record requiring a reversal and the judgment is therefore affirmed.