CASE 83.—ACTION BY R. E. LYNCH AGAINST THE LOUIS-
VILLE & NASHVILLE RAILROAD COMPANY.—
March 18, 1910.

## L. & N. R. R. Co. v. Lynch

Appeal from Warren Circuit Court.

McKENZIE Moss, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

1. Evidence—Hearsay.—One suing for personal injuries may
   not testify to what his doctor said to him relative to his
   condition.

2. Damages—Personal Injury—Evidence.—Defendant through
   its negligence having caused plaintiff's injury, and there-
   fore being liable for all pain and suffering endured by him
   as the direct and proximate result of such injury, including
   that from the efforts of his doctors to locate the injury and
   the extent thereof, provided they possessed the degree of
   skill and proficiency usually possessed by the average practi-
   tioner in their locality, even though the methods employed
   by them were not the most approved or the tests applied
   not the latest, plaintiff could testify as to the tests applied
   by them to determine the extent of his injury or the seat
   of the trouble producing his partial paralysis, but only so
   far as necessary to properly bring before the jury the effects
   of such treatment on him as to producing pain and suffering;
   any further description being for the doctors to make, to
   show the nature and extent of his injury, and the possibility
   or probability of his recovery.

3. Trial—Misleading Instructions—"Greatly."—The use of the
   word "greatly," in instructions in a personal injury case,
   by calling attention to the injury by the repeated expressions
   "greatly injured," "greatly wounded," and "suffered greatly,"
   is error, either to mislead the jury to understand there could
   be no recovery unless the injury was great, or to give them the
   impression that the trial judge considered the injury great.

4.  Damages—Personal Injury—Instructions.—The use of the word "wrongs," in an instruction in a personal injury case authorizing the jury to award such sum as will compensate plaintiff for "the injury and wrongs above described," is error, as tending only to confuse; compensation being allowed only for injury sustained by reason of some breach of duty, whereas, wrongs are punished by imposition of some penalty not intended to compensate the party wronged, but to punish the wrongdoer, and even punitive damages, when recoverable, being imposed by way of punishment, and not as part of the compensation.

5.  Damages—Punitive Damages—"Gross Negligence"—Law Governing.—The personal injury on which the action is based having occurred in Tennessee, the definition of gross negligence, authorizing punitive damages, approved by its Supreme Court, "such entire want of care as would raise a presumption of a conscious indifference to consequences," and not that approved by the Supreme Court of Kentucky, "the failure to take such care as a person of common sense and reasonable skill in like business, but of careless habits, would observe in avoiding injury to his own person or life, under circumstances of equal or similar danger to those which may be under investigation," should be given.

6.  Negligence—Definition—Instructions.—"Negligence" is properly defined in an instruction as a failure to use ordinary care, and ordinary care which ordinarily prudent persons are accustomed to exercise under like or similar circumstances.

SIMS & RHODES and BENJAMIN D. WARFIELD for appellant.

B. F. PROCTER, WRIGHT & McELROY, G. H. HERDMAN and GREENE, VANWINKLE & SCHOOLFIELD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

R. E. Lynch was an engineer in the employ of the Louisville & Nashville Railroad Company. On March 13, 1907, while taking 2d 75, a freight consisting of an engine, tender, and caboose, south from Hendersonville to Nashville, his train collided head on with freight train No. 14 going north. Just before

the engines came together, Lynch jumped from his engine and was injured. The injury, which at first appeared to be but a sprained ankle and wrist, later developed to be more serious. The collision was caused by a mistake on the part of the young man in charge of the office at Hendersonville in giving the wrong orders to No. 2d 75. After a time suit was brought by Lynch to recover for his injury. Issue was joined upon the question of liability. The case was submitted to a jury, with the result that plaintiff recovered a verdict for $25,000. Judgment having been entered thereon, the company appeals and seeks a reversal upon three grounds: First, that the verdict is excessive; second, that the court erred in admitting certain incompetent evidence; and, third, that the court did not properly instruct the jury.

As we have reached the conclusion that the case must be reversed, we refrain from passing upon the evidence bearing upon the extent of plaintiff's injury. The evidence complained of is that plaintiff was permitted, over the objection of defendant's counsel, to tell what his doctor said to him relative to his condition, and also to describe to the jury the various treatments and tests to which he was subjected by his doctors in their efforts to ascertain the nature and extent of his injury.

The objection in the first particular was well taken. It was violative of one of the fundamental principles or rules governing the introduction of evidence to permit plaintiff to testify as to what his doctors had told him. If he wanted the benefit of their testimony, he was entitled to have it either in the shape of direct evidence, given by the doctors before the jury, or he might have taken their depositions. By pursuing either of these methods he could have obtained

the benefit of the doctors' investigation of his case and their testimony as to the nature and extent of his injury; but in no event was he entitled to have given to the jury, as substantive evidence, what the doctors said to him relative thereto.

Upon the second proposition, that the court erred in permitting plaintiff to testify to the various tests applied by the doctors in their efforts to determine the extent of his injury, or rather, the seat of the trouble which produced the partial paralysis of the lower limbs, with which he claimed to be suffering, the point is not well taken. While it was not proper for plaintiff to testify to what the doctors told him concerning his case, he would necessarily have to describe somewhat in detail the various tests to which he was subjected by them in their efforts to determine the extent of his injury and the probable chance of his recovery, and if this treatment or examination, made necessary in order to enable them to intelligently treat plaintiff, caused him pain and suffering, we see no good reason why he may not have the jury consider this as going to make up a part of the pain and suffering caused by the injury. If, through the negligence of the defendant, he is injured, then he is, under an unbroken line of decisions, entitled to recover for all pain and suffering which he endures as the direct and proximate result of such injury; and, so long as the doctors employed possess that degree of skill and proficiency in their profession usually possessed by the average practitioners in their locality, the defendant, if primarily liable, is answerable for any pain and suffering produced by them in their efforts to locate the injury and the extent thereof, even though the methods employed by them are not the most approved or the tests ap-

plied not the latest. He must use all reasonable means to effect his recovery, and, in order that he may be intelligently treated, he must submit to such examination as is necessary to enable the doctors to locate the trouble and know how to treat it; and, as any pain produced by this examination is directly traceable to the negligence through the injury, it cannot be disassociated from it. It not infrequently happens that the negligent or wrongful act producing the injury is followed by no immediate pain or suffering; but the treatment of the injury is attended with great pain, as in the case of gunshot wounds. When shot, the victim feels only a slight stinging sensation; but when the surgeon probes the wound to ascertain the course of the bullet, in order to determine what to do, great pain is frequently produced, all of which is directly traceable to the wrongful or negligent act—the shooting. Of course, the defendant would not be liable for suffering produced by the tortious or wrongful act of a doctor not engaged in an honest effort to ascertain the seat of the patient's trouble with a view of bettering his condition if possible. But no such case is presented here. The pain and suffering produced in the present case was only such as naturally flowed from the treatment regarded as necessary; and this it was proper for the jury to consider. The case of L. & N. v. Foard, 104 Ky. 456, 47 S. W. 342, 20 Ky. Law Rep. 646, and kindred cases relied upon by appellant, do not militate against this position, for in those cases it was simply held that the company was not liable for any tortious or wrongful act of the physician where it had exercised reasonable care to select one of average skill and ability in his profession. It was not even inferentially held in those cases that

the company, if liable at all, was not liable for pain and suffering produced by the proper and necessary examination and treatment of a patient.

We conclude that it was entirely proper for plaintiff to describe the various treatments which he was subjected so far as it was necessary for him to do so in order to properly bring before the jury the effects of such treatment upon him, as to producing pain, etc. Beyond this he should not be permitted to testify concerning the treatment. But the minute descriptions of the various tests to which he was subjected and the treatment which he underwent must be left to the doctors who applied and administered same. They may go into detail in order to demonstrate, if possible, to the jury, the nature and extent of plaintiff's injury, and the possibility or probability of his recovery.

The other evidence complained of is not considered for the reason that it is immaterial and was not prejudicial.

The trial court gave the following instructions:

"No. 1. The court instructs the jury that if they believe from the evidence that in March, 1907, while plaintiff was in the service of the defendant as a railway engineer on one of its trains of cars operated on its track near Lockland Station, Tenn., acting at the time under orders from the defendant or its agents, the superiors to said Lynch, and in line of his duty and that the engine he was operating, owing to the negligence of the defendant or its said agents, was on the point of coming in collision with another locomotive, or train, coming from the opposite direction, and that by reason of the danger impending from such a collision, which was imminent, the plaintiff jumped off of his locomotive to the ground to escape

the impending danger, and by reason thereof he sustained great bodily injury, the jury will find for the plaintiff in damages as hereinafter set out.

"No. 2. If the jury find for the plaintiff under the preceding instruction, and find that he was greatly wounded and permanently injured, and that his power to earn money was greatly and permanently reduced, and that he was made to suffer greatly, both mentally and physically, by reason of the injuries received in the manner aforesaid; and if they further believe that he was compelled to employ physicians to treat him for injuries received by him, to whom he promised to pay the sum of $350, which was reasonable for the services, and that he was further compelled to spend the sum of $38 for medicine and appliances for his treatment, which was reasonable— the jury will find for the plaintiff such sum as will compensate him for the injuries and wrongs above described  and for. the  expenditures aforesaid, in damages not exceeding $50,000.

"No. 3. The court instructs the jury that, if they shall find damages  under instruction No. 2, such damages shall be in sufficient amount to fairly and reasonably compensate plaintiff for any physical and mental suffering, if any, and for any permanent reduction of his power to earn money, and for any reasonable and necessary expenses incurred for medical treatment and for necessary medicine and appliances, the whole sum of which shall not exceed $50,000.

"No. 4. The court further instructs the jury that if they believe from the evidence that plaintiff was injured in the manner and under .the circumstances supposed in the first instruction, and that he sustained the injuries supposed in the second instruction, and that the cause of said injuries was the gross

negligence of the defendant or its agents under whose directions the plaintiff was acting, then the jury may, in their discretion, find for plaintiff such further sum as they deem proper as punitive damages; but the total amount which they find for the plaintiff shall not exceed $50,000.

"No. 5. The jury are instructed that, although they may believe from the evidence that the plaintiff was injured as is supposed in the first instruction, and if they find the injury was not permanent, but believe from the evidence that he may ultimately recover therefrom, then they will only find, on the score of compensatory damages for inability to labor, such sum as the jury may conclude will compensate him for such loss for such period as they believe he will be prevented from earning money; and the jury will only find for plaintiff damages for his suffering, mental and physical, as will reasonably compensate him therefor.

"No. 6. If as many as nine of the jury shall agree upon a verdict, they will return the same, but, if less than twelve agree to the verdict, each of those so agreeing will sign the same.

"No. 7. 'Negligence,' as used in these instructions, means a failure to use ordinary care, and ordinary care which ordinarily prudent persons are accustomed to exercise under like or similar circumstances.

"No. 8. The term 'gross negligence,' as used in these instructions, is the failure to take such care as a person of common sense and reasonable skill in like business, but of careless habits, would observe in avoiding injury to his own person or life, under circumstances of equal or similar danger to those which may be under investigation."

It is urged that these instructions were erroneous and highly prejudicial. The first objection is that

the court erred in calling attention throughout the instructions to the extent or magnitude of the injury by reference to it as "great," "greatly wounded," etc. This was error and misleading, for from this instruction the jury would have been warranted in holding either that unless the injury was great no recovery could be had—which is clearly not the law, for if there was negligence on the part of the defendant resulting in injury, even though slight, plaintiff would be entitled to at least compensatory damages commensurate with the injury—or the use of these qualifying words might have been construed on the part of the jury as reflecting the impression of the trial judge that the injury was great; and this impression, being communicated to them through the repeated use of the expressions "greatly injured," "greatly wounded," and "suffered greatly," no doubt had the effect to magnify plaintiff's injury in the minds of the jury. The court should have so worded his instructions as to leave the jury free to determine the respective rights of the parties litigant from the evidence, rather than from any inference which it might have been warranted in drawing from expressions used in the instructions calling particular attention to any fact or facts brought out in the evidence.

Complaint is likewise made of the use of the word "wrongs" in the second instruction, wherein the jury is authorized to award plaintiff such sum as will compensate him for the "injury and wrongs above described." This was clearly error, for compensation is allowed only for injuries sustained and pecuniary loss suffered by reason of some breach of duty; whereas, wrongs are punished by the imposition of some penalty not in any wise intended to compensate the party wronged, but to punish the wrong-

doer, and while the law, in many instances of personal injury resulting from gross neglect of duty, permits the party injured to recover punitive damages as well as compensation, such damages are always allowable and imposed by way of punishment, and not as a part of the compensation. The use of this word had no place in the instructions allowing compensatory damages, and its presence there only tended to confuse, rather than aid, the jury in reaching a proper verdict.

The injury occurred in Tennessee, and under the pleadings the right to recover is controlled by the laws of that state.   It is   conceded that the facts pleaded and developed on the trial authorize a recovery under the Tennessee law, and the proof shows that the measure of damages in that state is practically the same as in this. It likewise appears from the evidence introduced on the trial that punitive damages may, in the discretion of the jury, be awarded where the negligence is gross; but the definition of "gross negligence," as approved by the Supreme Court of Tennessee, is materially different from that given by the trial court and which has been approved by this court.   The definition of "gross negligence," as approved by that court, is "such entire want of care as would raise a presumption of a conscious indifference to consequences." "Negligence" is a relative term, and it will readily be observed that that degree of negligence which would authorize a punitive damage verdict under the definition of the term approved by this court might not be such as would authorize the imposition of punitive damages under the Tennessee definition. Hence the trial court should have, in his instructions, used the definition as approved by the Tennessee court.

Upon another trial the court will give the following instructions:

Instruction No. 1 must be modified by striking therefrom the words "sustained great bodily injury" on line 2 [3] from the bottom thereof, and substituting in lieu thereof "was injured," so that this clause of instruction No. 1 will read, "and by reason thereof he was injured."

In lieu of instructions 2, 3, 4, and 5, the court will give the following instructions:

"No. 2. If you find for plaintiff under instruction No. 1, and further find from the evidence that the injury is permanent, you will award him such sum in damages as will fairly and reasonably compensate him for any pain and suffering, mental or physical which he has endured, and which it appears from the evidence he will thereafter endure, as the direct and proximate result of such injury, and for the permanent impairment of his power to earn money, together with any reasonable expenses incurred by him for medical services, not exceeding $350, and medical supplies not exceeding $38, and the total amount of your award shall not in any event exceed $50,000, the amount claimed in the petition.

"No. 3. If you find for plaintiff under instruction No. 1, and further find from the evidence that his injury is not permanent, then you will award him such sum in damages as will fairly and reasonably compensate him for any pain and suffering, mental or physical, which he has endured, or which it is reasonably certain from the evidence he will yet endure, as the direct and proximate result of the injury, and for any time which he has lost, or which it is reasonably certain he will hereafter lose, as

L. & N. R. R. Co. v. Lynch.

the direct and proximate result of such injury, together with such reasonable expenses for medical services, not exceeding $350, and medical supplies, not exceeding $38, as have been expended by him, and in no event may you award him more than $50,000, the amount claimed in the petition.

"No. 4. If you find from the evidence that the negligence which produced plaintiff's injury was 'gross,' as hereinafter defined, then, in addition to compensatory damages, you may or not in your discretion award such further sum as you may deem proper from the evidence, by way of punishment; but the total amount of your verdict may not exceed $50,000, the amount claimed in the petition."

Instruction No. 7 is approved as given on the last trial; and in lieu of instruction No. 8 the court will give the definition of "gross negligence" as hereinbefore defined.

Complaint is made that the verdict is excessive and out of all proportion to the injury proven. The verdict is large; but, as the case must be tried again under proper instructions, we deem it unnecessary to pass upon this point. By the time the case is called for trial again, it is more than likely that the extent of plaintiff's injuries can be determined with more accuracy and satisfaction, and another jury, with this evidence before them, and guided by proper instructions, will, no doubt, reach a fair and just conclusion.

For the reasons indicated, the judgment is reversed, and cause remanded for further proceedings consistent herewith.