## Lovell & Buffington Tobacco Co. v. Justice.

(Decided March 16, 1912.)

Appeal from Kenton Circuit Court.
(Common Law and Equity Division).

1.  Master and Servant—Operating Circular Saw—Care Required.— When an ignorant servant is put to operating a circular saw without instructions as to the danger, and is injured by a strip which had passed the saw, catching on the saw on the far side from him and being brought over by the saw so as to knock his hand into it, the question is for the jury whether he exercised ordinary care under the circumstances.

2.  Expert Testimony.—A man who had worked with such saws for 25 years may testify as an expert as to how they should be arranged.

3.  Instructions.—It is not error for the court to tell the jury that they may find for the plaintiff not exceeding the sum claimed in the petition for lost time, although the evidence before them really warrants a finding for a much smaller sum.

HARMON, COLSTON, GOLDSMITH & HOADLY and ROBT. C. SIMMONS for appellant.

F. J. HANLON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Obe Justice was an employee of the Lovell and Buffington Tobacco Company, and while in its service had his hand cut on a saw, sustaining a serious injury, to recover for which he brought this suit. On a trial of the case he recovered $1,350. The company appeals but does not complain of the amount of the verdict. It in-

sists that under the evidence the jury should have been instructed peremptorily to find for the defendant; that the court erred in admitting incompetent evidence, and that the court misinstructed the jury.

The facts as shown by the proof for the plaintiff on the trial are about these: Justice had worked for the company for some years picking wrappers, and on March 28, 1910, the day before he was hurt, was directed to take the place of a man named Bates on another floor in the factory, and on that day he worked at grinding knives.   On the next day he was sent again to do Bates work as Bates was still disabled.   It was a part of Bates' duty to cut strips with a saw; not long after Justice got there some strips were needed by the box maker, and the box maker requested Justice to saw the strips. Justice then went to his foreman telling him what had occurred.   The foreman told him to go back and he would be there directly.   Soon he came to the saw and cut three or four strips, then he said to Justice, "I will have to go back upstairs to my other work, you will have to go ahead with them."   Justice had told him that he did not like to use the saw and did not know anything about it; but at the order of the foreman he went to cutting the strips, and had cut about twenty-five when he was hurt.   The strips were about two feet long and were cut two inches wide.   There was a table four or five feet long and not quite so wide in the center of which was a circular saw which projected above the surface of the table about four inches.   The saw was run by a motor; there was a gauge by the side of the saw. The strips were cut by the operator pushing the plank along on the table against the saw until the strips were cut off.   To keep his hand from being in danger Bates used a push board about eight inches long.   But Justice, not knowing anything of this and being uninstructed as to how to do the work, was pushing the board with his hand.   While he was so pushing the board, a strip which was cut off, in some manner was caught by the saw on the opposite side from him and brought over the saw, striking him violently on the hand, and knocking his hand into the saw, thus causing it to be badly cut. The table had been in use a long time, and its surface was worn and had thus become uneven.   If the saw had not projected so much above the surface of the table there would have been less danger as the teeth would

not then have caught the strip and thrown it over with such force. There was proof that a projection of 1 1-8 inches was sufficient for the work that Justice was doing.

It has often been held that an inexperienced servant should not be put at dangerous work without instruction, and that it is incumbent upon the master to use ordinary care to supply the servant with the instrumentalities reasonably safe. There was sufficient evidence to take the case to the jury on either of these grounds. But it is insisted that the defendant is entitled to a peremptory instruction because Justice was 49 years old; he could see the saw and anybody could tell if he got his hand against the saw it would be cut. That is true; but Justice is evidently from his testimony a very ignorant man, and unacquainted with machinery. While he knew the saw would cut his hand if he got his hand against it, he did not know that one of the boards after it passed the saw, was liable to get caught by the saw and be brought back with it so as to knock his hand into the saw. Under the proof it was a question for the jury whether he used ordinary care under the circumstances.

Alfred Stites was introduced as a witness for the plaintiff to prove as an expert how saws of this sort should be arranged for the safety of those operating them. He testified that he had used such saws for twenty-five years, and we think that his long use of such machinery was sufficient to qualify him to speak on the subjects on which the plaintiff examined him. It is true that taking his testimony all in all it may not be entitled to much weight, but this was a question for the jury.

The court instructed the jury among other things that if they found for the plaintiff they should find for him for his loss of time, if any, "not to exceed the sum of $500, the amount claimed in the petition." It is insisted that the proof only showed that the plaintiff had lost time of the value of $110.00, and that the court should have so limited the recovery in this respect. But we cannot see how this could possibly, under all the evidence, have prejudiced the defendant. The court is not required in cases of this sort to figure up the amount of time lost and the value of it, and put the figures in an instruction; but he may leave this to the jury within the amount claimed in the petition.

These are the only matters relied on, and on the whole case we see no reason for disturbing the judgment.

Judgment affirmed.