## City of Richmond v. Hill.

(Decided June 23, 1922.)

### Appeal from Madison Circuit Court

1. Municipal Corporations—Condition of Streets and Pavements.—A city is not an insurer of the safety of persons traveling on its streets, but it is charged with the duty of exercising ordinary care to keep and maintain its streets and pavements in a reasonably safe condition for the public.

2. Municipal Corporations—Defects in Streets.—Where a defect in a public street has existed for several months, knowledge of such defect will be imputed to the city.

3. Damages—Pain and Suffering.—The right of the plaintiff to an instruction authorizing the jury to assess damages for pain and suffering that it is reasonably certain plaintiff will endure as a result of the injuries sustained, is determined by the evidence as to the probability of future suffering and not by the permanency or non-permanency of the injury.

4. Damages—Pain and Suffering—Instructions.—It was not error to refuse an instruction offered by defendant denying liability for increased suffering or extended disability resulting from the failure to use reasonable diligence in caring for the injury, where there was no evidence to show that the injured person failed to exercise reasonable diligence in caring for the injury or effecting a cure of it.

5. Damages—Excessive Damages.—A judgment for $4,000.00 damages for the breaking of an arm at the elbow, resulting in a permanent deformity of the arm, loss of rotary motion, permanent inability to straighten it, and the consequent pain and suffering is not excessive.

CHENAULT & CHENAULT for appellant.

A. R. BURNAM, JR., for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Mary F. Hill recovered a judgment of $4,035.00 against the city of Richmond for personal injuries sustained while attempting to pass over a board crossing on Main street in that city. The crossing was maintained by the city to span the gutter on the north side of the street. It was a part of the street and was habitually used by a great many pedestrians. The plaintiff carrying an infant in her arms started over the crossing with her husband, who stepped on one of the planks causing it to fly up and trip the plaintiff throwing her to the ground and breaking her left arm at the elbow. The arm remained in a plaster cast for several weeks. It was shown at the trial that she had suffered great pain and would continue to suffer for some time on account of the injury. She is unable to straighten the arm, which is atrophied and has little if any rotary motion at the elbow. The medical testimony indicates that it will probably never be more than 50 per cent as efficient as before the injury.

A reversal of the judgment is sought on several grounds, the first of which is that the court should have directed the jury to return a verdict for the defendant at the conclusion of the plaintiff's evidence. One of the arguments made in support of this contention is that there was no proof of the specific negligence charged in the petition, and, consequently, there was no justifiable reason for submitting the case to the jury.

The averments of the petition as to negligence are the failure to keep the crossing in repair, in that the boards and timbers thereon were allowed to become loose, broken, rotten and defective and to remain in such dangerous condition for a long period of time; and the permitting of the boards and timbers to be and remain in such condition that they could be thrown out of place, made dangerous and unsafe, and thus cause a person walking on them to trip and fall. It is contended that there is no evidence that the boards were broken, rotten or defective, and assuming that it was proved that one of them was caused to fly up and trip the plaintiff, there were no allegations in the petition on which to rest such proof, and, therefore, there could be no recovery for an injury sustained in that manner. This argument is based on the rule that where specific acts of negligence are charged one can not recover for other and different acts not specified or relied on. The weakness of counsel's

position in this respect is that plaintiff charged that the city was negligent in failing to fasten the boards or to maintain them in such condition that by walking across them they would not become misplaced and cause the pedestrian to fall, and the proof shows that the failure to fasten them so as to prevent them from becoming misplaced and tripping the pedestrian was the very thing that brought about the injury. It is to be readily seen, therefore, that the proven acts of omission causing the injury conform to the negligence alleged.

Another reason assigned for the peremptory instruction is that the proof fails to show that the condition of the crossing was known to the city or to G. H. Allman, the street commissioner of the city, and it is insisted that notice of the defective condition cannot be imputed to the city. Bell v. City of Henderson, 24 Ky. Law Reporter, 2434, is cited as sustaining the contention. An examination of that case shows that there was an absence of actual notice of the defect in the platform which occasioned the injury, and it was held that, on account of the obscure nature of the defect and the short time it had been in existence, the city was not chargeable with lack of diligence in failing to discover it in time to have prevented the accident. The rule with respect to liability for injuries caused by defective streets is correctly stated in that opinion; it is that where the injuries are caused by a defective street, in the absence of actual notice of such defect or unless the defect has existed so long that notice or knowledge of it can be imputed to the city, there is no liability. It is undoubtedly true, as contended by appellant, that a city is not an insurer of the safety of persons traveling on its streets, but it is equally true that it is charged with the duty of exercising ordinary care to keep and maintain its streets and pavements in a reasonably safe condition for the public, which means that it is charged with notice of all defects of which it through its authorized officers could obtain knowledge by the exercise of reasonable diligence. (Schmidt v. City of Newport, et al., 184 Ky. 342.) In applying this rule we can discover no good reason for the contention that this case should not have gone to the jury. It was shown by several witnesses that the planks on the crossing had been loose for several months and that the weight of a person would cause them to fly up. This defective condition had existed for such length of time that

the city of Richmond must be charged with knowledge of it. There is no contrariety in the evidence on that question and the trial court might well have instructed the jury as a matter of law, that at the time of the injury the city was guilty of negligence in maintaining the crossing in its then condition.

Instruction No. 4 given to the jury is criticised because it authorized a recovery for mental and physical suffering which it was reasonably certain that plaintiff would endure as a result of her injury. It is stated that it is only where the injury is not permanent that damages are authorized for mental and physical suffering which it is reasonably certain the plaintiff will endure in the future. This is a totally incorrect conception of the law. L. & N. R. R. Co. v. Stewart, 163 Ky. 164, relied on by counsel, directly opposes the contention. It is said in that opinion that where there is substantial evidence showing that there is likelihood that the plaintiff will continue to suffer because of the injuries sustained he is entitled to recover for any pain which it is reasonably certain he will endure after the trial as well as any endured before that time as a result of his injury. Of course, if it had appeared on the trial that plaintiff had fully recovered and was not suffering from her injuries the finding for mental and physical suffering should have been confined to that which she had then endured. The right to the instruction is determined by the evidence as to the probability of future suffering and not by the permanency or non-permanency of the injury. Both precedent and principle allow one who has been injured by the negligence of another, regardless of the permanency of the injury, to recover damages for such mental and physical suffering as he has sustained or as it is reasonably certain that he will thereafter sustain as the result of his injury. Had the court failed in this case to include in the instructions future as well as past pain and suffering as a measure of the damages that the plaintiff sustained it would have been error. (Hendrickson v. New Hughes Jellico Coal Co., 172 Ky. 568.)

Error is also alleged on the ground that the court refused to give instruction ''A,'' offered by the city, the effect of which was that if the plaintiff failed to avail herself of reasonable means to effect a cure of her injury she was not entitled to recover anything on account of its permanency or because of the consequent suffering

and anguish. The instruction was seemingly offered on the theory that it is the duty of one who is injured to use reasonable diligence to effect a cure, and if by failure to do so the injury is aggravated and made more serious he can not recover for the aggravated condition, increased suffering or extended disability resulting from his failure to use reasonable diligence in caring for the injury. The proposition is sound in the abstract, and in a case in which the evidence justifies it should be embodied in a concrete instruction, but there is no evidence in this record from which it can be inferred that the injury to plaintiff was aggravated by her treatment of it or that she failed to exercise reasonable care in effecting a cure. There is some evidence that an operation might have benefited the arm that is now deformed and atrophied, but that is conjectural and her physician testified that he would not advise an operation. She followed the advice of her physician which she had the right to do, and whether an operation would or would not benefit the arm was not a question to be submitted to the jury since it was shown that the injury is permanent, that up to the time of the trial she had done what she could to effect a cure, and that the experiment of an operation might yet be tried with as favorable prospects as if it had been submitted to sooner. The question of permanency of injury was submitted to the jury in instructions similar to those approved in L. & N. R. R. Co. v. Lynch, 137 Ky. 696. We do not think it was necessary to submit the question to the jury, for all the evidence shows that her injuries are permanent, but nevertheless the jury were instructed on the hypothesis of a permanent injury, if they believed one to exist, and also on that of an injury that was not permanent, if they believed hers to have been of that kind. There are, in our opinion, no errors in the instructions of which the city can complain. Nor was it error to refuse instruction "A" offered by the city. The proof afforded no foundation for that instruction.

Lastly, it is contended that the verdict of $4,000.00 for permanent impairment of the use of plaintiff's arm and the consequent mental and physical pain was grossly excessive, where the proof shows the arm to have improved and that it will continue to improve. The latter proposition is not sustained by the evidence. One or two physicians did testify that the arm had improved

to some extent and that plaintiff had more freedom of motion in the elbow than previously, but all agreed that there was a relatively small degree of rotary motion and that there was a permanent inability to straighten out the arm. We have not discovered any evidence to the effect that there will be a material improvement in her condition. Undoubtedly she suffered great pain as a result of her injury and according to her testimony she still suffers from it. It has so impaired the efficiency of her arm that it is difficult for her to attend to many of the ordinary duties of her household. In view of the extent of the injury and the suffering that she has endured, we cannot say that the award is disproportionate with the damages she has sustained.

The city had a fair trial of the case. There are no errors in the record and the judgment is affirmed.