# General Exchange Ins. Corporation v. Branham.

Feb. 22, 1944.

712

W. R. McCoy, Goodykoontz & Slaven for appellant.

Jasper H. Preece for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming.

On June 15, 1939, the appellee purchased an automobile for $999.54 and financed the deferred payments amounting to $666.09 through the General Motors Acceptance Corporation. On the same day the appellant issued a policy of insurance, insuring the appellee, the dealer and GMAC, as their interests might appear, against loss by fire.

On June 13, 1940, the automobile was destroyed by fire. The appellee then owed a balance of $222.50 to GMAC. On August 27, 1940, seventy five days after the fire, the appellee forwarded to the appellant proof of loss.

Alleging these facts, the appellee sought judgment for $850. After demurrer to the petition was overruled, the appellant filed answer denying that the ap-

pellee had filed proof of loss as required by the policy and alleging that the automobile had been intentionally set on fire and burned by the appellee. The policy was filed as an exhibit with the answer. Trial before a jury resulted in a verdict for $600 and from the judgment entered thereon this appeal is prosecuted.

The principal ground urged for reversal is that all claims for loss were forfeited by reason of the appellee's failure to furnish the appellant with proof of loss within sixty days after the fire and, consequently, that the court erred in refusing to direct a verdict for appellant.

The policy contained a provision that proof of loss or damage must be filed within sixty days and that all claims for loss or damage were forfeited by failure so to do. Such a provision is valid. Standiford v. American Insurance Company, 208 Ky. 731, 271 S. W. 1042. But where the failure to furnish proof of loss works a forfeiture, such failure is an affirmative defense which the insurer may, or may not, rely on and if he relies thereon it must be pleaded. Home Insurance Company of New York v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415. The cited case points out that where the policy is so worded that failure to furnish proof of loss does not work a forfeiture, furnishing proof of loss is a condition precedent and the insured must plead that he has furnished it, but, where the failure works a forfeiture, such failure is an affirmative defense, which may or may not, be relied on by the insurer. Thus, in the case before us it was unnecessary for the insured to plead that he furnished proof of loss and his allegation that he did so may be disregarded as surplusage. The appellant's denial that the insured furnished proof of loss as required by the policy was not an affirmative plea relying on the forfeiture provision. The forfeiture provision was not pleaded at all, since it was not set out in the answer and relied on as a forfeiture. The mere filing of the policy as an exhibit did not operate as a pleading of this provision since an exhibit does not aid a pleading. Kinnarney v. Corcoran, 285 Ky. 702, 149 S. W. (2d) 32. Since the appellant did not affirmatively plead and rely on the forfeiture provision, a directed verdict in its behalf was properly refused.

It is next argued that error was committed in refusing to permit the appellant to assume the burden of

proof on the affirmative allegation that the appellee intentionally burned the automobile. The record shows, however, that the appellee was awarded the burden of proof at the beginning of the trial without objection by the appellant. As a matter of fact, the burden was on the appellee to establish the value of the automobile since this value was put in issue by the pleadings. Judgment would have gone against the appellee if no evidence had been introduced and the burden was on him. Civil Code of Practice, Section 526.

The next contention is that the verdict was excessive and that error was committed in permitting the appellee and a witness for him to testify as to the value of the automobile because they did not show proper qualifications as witnesses. The appellee placed the value at $750 and the other witnesses fixed it at $700. One witness, testifying for the appellant, fixed the value at "$500, maybe a little more." It is clear in view of this evidence that the verdict fixing the value at $600 was not excessive. Nor was the testimony of the appellee and his witness incompetent. An ordinary witness who testifies that he knows the market value of an automobile, as did these witnesses, is competent to testify as to such value—one need not be an expert or have special qualifications for this purpose.

The final contention is that error was committed in refusing a number of instructions offered by the appellant. Without going into detail as to the offered instructions, it is sufficient to say that the instructions given clearly and concisely submitted to the jury the only issues, which were as to the value of the automobile and whether the appellee intentionally set fire to and burned it.

Affirmed.