# Louisville & N. R. Co. v. Hill.

June 25, 1948.

H. T. Lively, J. P. Hamilton, J. L. Lenihan and Clark & Manby for appellant.

James A. Hall for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, H. B. Hill, recovered a judgment in the Oldham Circuit Court against the appellant, Louisville & Nashville Railroad Company, in the sums of $820, for damage to his automobile; and $250, for loss of its use. The appellee alleged in his petition that about 6 p. m., November 18, 1946, he was operating his automobile, a 1938 Pontiac 2-door sedan, crossing appellant's right of way and tracks at a point near Glen-arm, Oldham County, Kentucky, when the automobile stalled on the crossing, and before it could be removed was struck by one of appellant's north bound trains. He further alleged that the crossing, known as Stivers Crossing, had been maintained by appellant for many years, and that the collision was caused by the negligent manner in which appellant had constructed and maintained it. He sought to recover $1,125 for damage to his automobile and $5 a day, its alleged use value, from November 19, 1946, until the filing of the petition on February 1, 1947. No contention is made that the evi-

dence was insufficient to take the case to the jury on the question of negligence. The only grounds urged for reversal of the judgment are: (1) The court gave an erroneous instruction on the measure of damages; and (2) the damages are excessive.

The instruction of which complaint is made reads:

"If the jury find for the plaintiff they will award him as damages the difference if any, in the fair market value of the automobile immediately before the alleged injury and its fair market value after the alleged injury, not exceeding the sum of $1075.00 and such additional sum as will reasonably compensate plaintiff for the loss of use, if any, for business purposes, of said car for such time as he could reasonably replace it, not to exceed the sum of $360.00, the amount claimed in the Petition.

"The total amount of the award shall not in any event exceed $1435.00."

It is urged that the instruction is erroneous in two respects: (1) It authorized the jury to return a verdict in the amount of $1,075 for damage to appellee's automobile, an amount not established by competent evidence; and (2) it authorized the jury to return a verdict in the amount of $360 for the loss of use of appellee's automobile, an amount not established by the evidence, and failed to state the criteria by which the jury should be guided in arriving at its verdict.

Most of the evidence was directed to the condition of the crossing and the circumstances of the accident. There was little evidence as to the value of the automobile or the damages sustained by the plaintiff by reason of the loss of its use. The appellant introduced no evidence as to these items. The appellee testified that the reasonable market value of the automobile immediately before the collision was $1,200, and that he sold it to a junk dealer after the collision for $125. Carl Stoess, an automobile mechanic who had worked on appellee's car, was introduced by appellee as a witness. He was asked concerning the reasonable market value of the car, and answered: "I would say around Eight Hundred ($800.00) Dollars would be about the value: what they were selling at." It is appellant's conten-

tion that appellee's testimony that his automobile was worth $1,200 had no evidential value and could not serve as the basis for an instruction. It is insisted that the value of the car immediately before the collision should have been limited in the instruction to $800, the value placed on it by the witness Stoess, and the recovery should have been limited to this amount less $125, the amount for which it was sold, or $675. The basis of the argument is that appellee failed to prove facts showing that he was acquainted with the market value of used cars, and the only evidence as to his knowledge of the subject was his own unsupported statement that he was acquainted with it, which was a mere conclusion. Appellee testified as follows concerning the value of the car and the damages sustained by him by reason of the loss of its use:

"Q. Are you acquainted with the reasonable market value of automobiles like yours in this vicinity, at that time? A. Yes.

"Q. What was the value of your car immediately before this collision? A. Well a replacement value— Objection sustained.

"Q. The value of your car, what it would sell for on the open market in this vicinity? A. Twelve Hundred ($1,200.00) Dollars.

"Q. And what use did you put this car to? A. I used it for my business; going to and from the office, calling on clients away from the office, and also for personal family car.

"Q. On Sundays and week ends it was used for a family car? A. Sundays and week ends, and several days when I would be in the office and not be out my wife would use the car.

"Q. Are you familiar with the reasonable rental value of like automobiles in this vicinity at that time? A. Yes.

"Q. What would they be per day? A. Five ($5.00) to Seven ($7.00) Dollars per day.

"Q. And you say your car was demolished beyond repair. Did you make any attempt or effort to purchase a like automobile? A. I have visited dozens of used car lots. I have had orders in for new cars with three

dealers and I couldn't find anything in a used car that was in a similar or like mechanical condition for anything like a reasonable price. I have just obtained a new Chevrolet about two weeks ago.

Appellee is an auditor and accountant by occupation, and his office is in Louisville, Jefferson County, Kentucky, several miles from his home in Oldham County. Several cases such as Courier-Journal & Louisville Times Co. v. Crossland, 300 Ky. 361, 188 S. W. 2d 428, holding that the owner of property having no knowledge of its value is not a competent witness on the subject, are cited, but the testimony of appellee takes him out of that category. He not only stated that he was acquainted with the market value of used cars like his own, but gave facts showing the basis for his knowledge on the subject. If appellant desired to know more of the basis upon which appellee rested his estimate, it had a right to develop such facts on cross-examination. In General Exchange Ins. Corp. v. Branham, 296 Ky. 711, 178 S. W. 2d 409, 410, it was contended that error was committed in permitting the plaintiff and a witness for him to testify as to the value of plaintiff's automobile which had been destroyed by fire because they failed to show proper qualifications as witnesses. The court said:

"Nor was the testimony of the appellee and his witness incompetent. An ordinary witness who testifies that he knows the market value of an automobile, as did these witnesses, is competent to testify as to such value—one need not be an expert or have special qualifications for this purpose."

This is the generally recognized rule. Brooks Transportation Co. v. McCutchen, 80 U. S. App. D. C. 406, 154 F. 2d 841; Kavanaugh v. St. Paul Fire & Marine Ins. Co., 244 Mich. 391, 221 N. W. 119; Folken v. Union Pacific Railroad Co., 122 Neb. 193, 239 N. W. 831; Quinn v. Zimmer, 184 Minn. 589, 239 N. W. 902; Walters v. Iowa Electric Co., 203 Iowa 467, 212 N. W. 886; Kohl v. Arp, 236 Iowa 31, 17 N. W. 2d 824, 169 A. L. R. 1067; Meyer v. Adams Express Co., 240 Mass. 94, 132 N. E. 672; Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co. v. Messenger, 181 Md. 295, 29 A. 2d 653. The rule, as stated in Wigmore on Evidence, volume 3, section 716, is:

"The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and Courts have usually made no objections to this policy."

That part of the instruction on the measure of damages relative to the loss of use of the automobile is criticized because it authorized the jury to return a verdict in favor of appellee for $360, and failed to inform the jury that its finding on this item could not exceed $5 a day or cover a period extending beyond February 1, 1947, the date of the filing of the petition. The petition alleged that appellee had been deprived of the use of his automobile from the date of the accident to February 1, 1947, 72 days, and that he was entitled to recover for the loss of its use during that period, $5 a day. The instruction limited the recovery in this respect to the amount claimed in the petition and supported by the evidence, and in a form heretofore approved by this court. Barr v. Searcy, 280 Ky. 535, 133 S. W. 2d 714; Lovell & Buffington Tobacco Co. v. Justice, 147 Ky. 642, 144 S. W. 1079. What has been said concerning the instruction on the measure of damages disposes of the second ground urged for reversal, namely, the damages are excessive, since the verdict is well within the amount of recovery authorized by the instruction.

The judgment is affirmed.