**WILLIAMS et al. v. KIRTLEY.**

Court of Appeals of Kentucky.

Dec. 18, 1953.

Stoll, Keenon & Park, Lexington, Abel Harding, Campbellsville, for appellant.

Clyde Williams, Jr., Campbellsville, for appellee.

SIMS, Chief Justice.

This is an appeal from a judgment rendered September 11, 1951, awarding plaintiff $1,500 damages for personal injuries and damages done his automobile resulting from a collision with defendants' truck. The verdict did not separate the damages to the car from plaintiff's personal injuries but lumped all damages at $1,500. Defendant, Robert Williams, seeks a reversal of the judgment upon four grounds: (1) The trial court erred in not directing a verdict for him; (2) the verdict is at variance with the physical facts of the case; (3) incompetent evidence was admitted; (4) the court erred in instructing the jury.

A car owned and driven by plaintiff collided with a truck tractor and trailer driven by defendant, Robert Williams, resulting in damages to plaintiff's automobile and personal injuries to plaintiff. The petition charged negligence upon the part of both defendants, Robert and George Williams, in general terms, and the answer was a denial, followed by a plea of contributory negligence. George Williams, the father of Robert, was the owner of the truck, for which reason George was made a party defendant. The lower court directed a verdict in George's favor when plaintiff failed to establish that Robert was acting as his father's agent, servant or employee in operating the truck. There is no cross-appeal, hence George is out of the picture and no further reference will be made to him.

Defendant first insists the trial court erred in not directing a verdict for him on the ground that the evidence shows the collision was caused by some factor other than his negligence. To determine the correctness of his contention, it will be necessary to review the evidence.

Plaintiff testified he was proceeding 25 or 30 miles an hour down hill when he saw defendant's truck coming up the hill. The road was covered with snow and two ruts had been made by previous traffic in the center of the road. When plaintiff saw defendant he pulled out of the ruts and as far to his right as possible. He further testified that defendant was following the ruts and in trying to get his truck out of them, the trailer "jack-knifed" and hit plaintiff's car. Witnesses coming upon the scene after the collision found defendant's tractor in the ruts in the middle of the road with the trailer out of line to the plaintiff's side of the road. Defendant's version of the accident was that when he saw plaintiff approaching, he pulled to his right side of the road and stopped and his truck was not in the ruts; that when plaintiff applied his brakes, the latter's car skidded into the left front fender of defendant's truck.

■ Due to this conflicting evidence, it is patent the trial court correctly overruled defendant's motion for a directed verdict and let the case go to the jury.

■ Defendant next argues the testimony of plaintiff is at variance with the physical facts. This court has held that where physical facts are at variance with plaintiff's testimony and unerringly corroborate defendant's testimony, then defendant is entitled to a directed verdict. Silver Fleet Motor Exp. v. Wilson, 291 Ky. 509, 165 S.W.2d 48, and the many authorities there cited. Defendant, to support his position, relies upon the testimony of patrolman Gabehart, Bob Williams and George Williams, showing that the only damage done to any part of his vehicle was to the left front part of the tractor. Defendant argues that since the only damage his vehicle sustained was to its left front fender and light, plaintiff's version of the accident being contra to these physical facts, will not sustain the verdict, citing the Wilson case.

True, the physical facts contradict plaintiff's testimony as to the point of impact of the vehicles, but defendant's truck immediately after the accident was in the ruts in the center of the road. In the first

place, plaintiff's car in the collision could not have pulled this heavy tractor from defendant's right side of the road into these ruts. In the second place, there were no tracks in the snow on the road where the truck had been pulled by the car from the truck's right side of the road into the ruts. The physical facts unerringly show the tractor was in the ruts in the center of the road at the time of the collision. The truck had no right to be in the center of the road at this place. KRS 189.300.

■ Had the truck been on its right side instead of the center of the road, plaintiff's skidding car would not have collided with the front end of it, or if it had, there would have been no negligence on defendant's part. Defendant cannot escape liability by showing the physical facts contradict plaintiff as to the point of contact of the two vehicles, when the same physical facts show his truck was in the ruts in the center of the road at the time of the collision.

■ The evidence claimed to be incompetent concerned plaintiff's testimony as to the market value of his car just before and immediately after the wreck. Plaintiff testified his car was worth $1,550 before the accident and defendant takes issue with this valuation because plaintiff testified he had paid $1,535 and tax, and had then driven the car some 3,000 miles in his 10 months of ownership. Defendant further asserts plaintiff's testimony that the market value of the car was $150 or $200 immediately after the accident was a mere guess and hence incompetent. This court has held that an ordinary witness, who testifies that he knows the market value of an automobile, is competent to testify as to such value, and one need not be an expert or have special qualifications for such purpose. Louisville & N. R. Co. v. Hill, 307 Ky. 846, 212 S.W.2d 320; General Exchange Ins. Corp. v. Branham, 296 Ky. 711, 178 S.W.2d 409. Clearly, this testimony is competent and it was for the jury to determine its weight.

■ Defendant argues the trial court erred in refusing to give instruction "A" offered by him relative to plaintiff's duties. He says that while instruction No. 1 purports to enumerate plaintiff's duties, it in fact omitted plaintiff's duty to have his vehicle under control as he approached a curve and further it did not require plaintiff to operate his automobile at no greater rate of speed than was reasonable and proper considering the condition of the highway at the time the accident occurred. Paragraph "c" of instruction No. 1 will demonstrate that this contention is without merit:

"(c) To have their respective vehicles under reasonable control and not to operate same at a greater rate of. speed than was reasonable and prudent, having regard for the traffic and the use and condition of the highway at the time."

■ The next contention of defendant is that instruction No. 5 on the measure of damages for plaintiff's personal injury is improper, in that it permits the jury to allow compensation for future pain and suffering when there was no evidence that plaintiff might in the future endure pain. The record shows plaintiff was still suffering pain at the time of the trial on September 11, 1951, and that the accident occurred on February 7, 1951. Since he had not completely recovered seven months after the injury, it is reasonably certain he will endure future pain and the court correctly instructed thereon. Louisville & N. R. Co. v. Stewart, 163 Ky. 164, 173 S.W. 757; City of Richmond v. Hill, 195 Ky. 566, 242 S.W. 867.

■ Finally, defendant contends he was entitled to an unavoidable accident instruction on the premise that the condition of the road caused the accident rather than any act or omission by him. But in view of the evidence in this case that defendant was driving in the center of the road, he was not entitled to an instruction on "unavoidable accident."

Judgment affirmed.