### De Garmo v. Vogt, et al.

(Decided January 31, 1913.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Second Division.)

1.  Municipal Corporations—Obstruction in Street—Action for Personal Injuries Resulting From—Instructions.—In an action against a municipality and a property owner for injuries resulting from an obstruction in a street, the obstruction being in the nature of gravel placed on the sidewalk for repairs of a house pursuant to a permit from the city for the making of repairs, an instruction was not erroneous which advised the jury that appellee, Vogt, "had a right to make such use as was reasonably necessary of the street or sidewalk for the purpose of placing material for such improvements of her property," with the qualification, "but in doing so, it was her duty not to place the gravel so as to make the sidewalk not reasonably safe for pedestrians to travel." Nor was it error to submit to the jury whether the gravel was so placed on the sidewalk and allowed to remain there, as to make the street unsafe for pedestrians,

where all the material facts, including the size, location and shape of the gravel pile, and the question whether it was lighted at all, were all in issue in the pleadings, and the evidence as to each of them in conflict.

2. Municipal Corporations—Obstruction in Street—Action for Personal Injuries Resulting From—Instructions—Warning of Obstruction.—The sufficiency of the warning in the particular case is left to the jury, and at all times it must be sufficient to warn the public of the dangerous obstruction, by whatever means may be required. The instruction complained of properly required all necessary means to be used.

3. Streets—Obstruction of—Introduction of Ordinance and Permit.—There is no reason why appellee, Vogt, who was charged with placing and permitting to remain on the street a dangerous obstruction should not be permitted to justify her use of a part of the street by the introduction of the ordinance and permit.

JACOB SOLINGER, for appellant.

LEON P. LEWIS, CLAYTON B. BLAKEY, for City of Louisville; TRABUE, DOOLAN & COX, and ROBT. T. CALDWELL, for appellee, Vogt.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant instituted this action against the city of Louisville, and Lulie Vogt, alleging that on the night of October 1, 1910, about eight o'clock, she received personal injuries by reason of an unreasonable and dangerous obstruction placed on the sidewalk on Gray Street by defendant Vogt, and that the same remained on said street in such dangerous condition for some time, and made the street dangerous and unsafe for travel, which condition was known to both the defendants or could have been by the exercise of ordinary care.

The defendants each answered traversing all the allegations of the petition, and in addition pleading contributory negligence.

Upon the trial, the evidence disclosed that the appellee, Vogt, was the owner of an apartment house at the corner of Second and Gray streets, and a vacant lot on Gray street adjoining the apartment house; at some time previous to the first of October, 1910, she had applied to and received from the city a permit to make certain repairs or improvements on the apartment house, and had been issued a permit by the city to use certain parts of the street or sidewalk for depositing material during the progress of the work; that on the morning of the first of October there was delivered to her a load of gravel which was dumped on the curbing at the edge of

the sidewalk in front of the vacant lot to be used in such repairs; that during the day the workmen on the building used some considerable portion of this gravel in their work, and when they quit work at night, left the balance there.

Up to this point the evidence is practically uncontroverted, but the evidence as to the manner in which the pile of gravel was left that night, and as to whether or not there was a light of any kind on it, is very conflicting.

Appellant and two or more of her witnesses stated that between eight and eleven o'clock that night, the gravel practically obstructed the whole sidewalk at that point, and that there was no light or warning of any description, and that the arc light at the corner of Second and Gray Streets cast no light on the gravel pile because of the obstruction by the trees and their branches which intervened.

The evidence for the defendants shows that when the workmen quit work at about six o'clock, they brushed the gravel all back and ricked it up at the edge of the sidewalk on a narrow grass plot there, and got some planks and put at the sides to prevent it from spreading, and that they left it in such condition that there was practically no obstruction of the sidewalk at all, which was at that point twelve feet wide; that a red light was placed on the sand pile, and some witnesses state that the same was there at eleven o'clock that night and the next morning, and that the arc light at the corner shone directly on the gravel pile, and that the trees were so trimmed as not to obstruct it.

In addition to this, appellant produces a photograph of the gravel pile taken on the Monday afternoon following, about 2:30 o'clock, which shows that at that time the gravel pile obstructed almost the entire sidewalk; but it is claimed by appellees, it was not in the same condition it had been on Saturday night, because the day the photograph was taken, the workmen had been shoveling into the pile and thereby scattered it, and that the school children in the neighborhood had been running over and through it, so as to further scatter it.

The evidence was so conflicting, as that a verdict for either party would not be disturbed as flagrantly against the evidence.

The jury found for each of the defendants and the plaintiff has appealed.

The first point urged by appellant for reversal is that it was error for the court to instruct the jury, that appellee, Lulie Vogt, "had a right to make such use as was reasonably necessary of the street or sidewalk for the purposes of placing material for such improvements of her property"; that such instruction was confusing and misleading, and might readily have been understood by the jury to mean that she had a right under the city ordinance and permit to place a dangerous obstruction on the sidewalk; and this might be true, except for the qualification contained in the same sentence in the instruction and immediately following it, which is as follows: "but in doing so, it was her duty not to so place the gravel as to make the sidewalk not reasonably safe for pedestrians to travel." Instructions similar to this have been approved by this court in the following cases: Grider v. Jefferson Realty Company, 116 S. W. 691. Louisville Railway Company v. Esselman, 29 R., 333.

Appellant, with apparent earnestness, also contends that it was error for the lower court in its instruction to submit to the jury, whether the gravel was so placed on the sidewalk and allowed to remain there, as to make the street unsafe for pedestrians; contending that the court should have instructed the jury, as a matter of law, that a pile of gravel of certain dimensions placed on the sidewalk in a certain way and permitted to remain there, is a dangerous obstruction.

If there had been no issue in the pleadings as to the dimensions of the pile of gravel, how it was placed on the street, in what manner it was permitted to remain there or as to the manner in which it was illuminated; or if the evidence upon these points had been uncontradicted, and all to the same effect, it would have been entirely unnecessary for the court to have submitted to the jury these questions; but in this case where all the material facts including the size, location and shape of the gravel pile, and the question whether it was lighted at all, and if so, to what extent, were all in issue in the pleadings, and the evidence as to each of them was in conflict, it was manifestly proper for the court to submit them to the jury. These questions of fact were the very gist of the whole action, and it would have been clearly erroneous for the court to have undertaken to determine them in any other way. City of Harrodsburg

v. Sallee, 142 Ky., 829. City of Owensboro v. Williams, 116 S. W., 280.

Appellant further contends that when the court instructed the jury: "If you believe from the evidence in this case, that the sidewalk was rendered not reasonably safe for pedestrians, and that the defendant, Lulie Vogt, by or through her agents or employees, negligently failed to place such light, if any, as was reasonably necessary, or such barricade, or other means, if any was reasonably necessary to warn and protect pedestrians on the sidewalk, and by reason of such failure" plaintiff was injured, that the jury was misled into believing that the use of lights might have been dispensed with, and that a barricade or other means would have been sufficient warning, and that the jury might have understood that the planks used in ricking up the gravel was a sufficient barricade, and therefore, a compliance with the law even though there was no light.

It is true there was no evidence introduced as to any barricade, but it is hardly possible that the jury could have understood that the planks used by the workmen in preventing the gravel pile from spreading, were referred to by the court in the instructions as a barricade, for the evidence is conclusive as to what was the purpose of their use. Appellant misapprehends the rule in this State as to what warnings are necessary in such cases. In one case a light might be sufficient warning, and in another case a barrier, and in still another case, both might be required, or in some extreme cases both and a watchman in addition. The sufficiency of the warning in the particular case is left to the jury, and at all times it must be sufficient to warn the public of the dangerous obstruction, whatever means may be required. The instruction in this case properly required all necessary means to be used. In City of Georgetown v. Groff, 136 Ky., 662, the rule is thus laid down:

"It is the duty of the city, when the obstructions are placed in the street to use such means as are reasonably necessary to warn those using the street of the presence of the obstruction, and it is a question for the jury, under the particular facts in each case, to determine whether or not the means used for this purpose were reasonably sufficient. Guard rails, lights or watchmen any or all, might be required, according to the local conditions. In some instances guard rails might be

amply sufficient, in others, lights, while in still others additional means might be required.  No hard and fast rule can be laid down fixing the means that shall be employed in each particular case, further than to say that they shall be such as are reasonably sufficient to warn the traveling public of the presence of the obstruction.'' See also Grider v. Jefferson Realty Company, 116 S. W. 691.

Appellant further complains that in instruction number two, the submission of the question whether the city knew or with the exercise of ordinary care could have known of the dangerous condition of the sidewalk, was erroneous, because the city was already charged with notice when it issued its permit and granted the right to use the sidewalk for building material; that it knew the sidewalk was to be used for that purpose, and it must therefore have taken means without further notice to protect the public from danger by reason of the obstruction contemplated in the permit.

And that is the correct rule, but it can avail appellant nothing; for the jury in this case could not have found a verdict for appellee, Vogt, who admitted placing the gravel on the sidewalk, and who was not required by the instructions to have notice, except upon one of three theories, viz:

(1)    That there was no dangerous obstruction of the street which caused appellant's injury, or,

(2)    If there was appellees had given the necessary warning, or,

(3)    Appellant was guilty of contributory negligence.

If either one of those three states of case existed, as has been found by the jury, there could have been no verdict against the city, with or without notice, and therefore, the requirement in the instruction that the city should have notice was not prejudicial.

It is also complained by appellant that the introduction of the ordinance of the city of Louisville relative to the use of the street by persons building or repairing was incompetent.  We know as a matter of common knowledge, that in the congested conditions that exist in the cities, it is often necessary to use some part of the highway temporarily for building materials used in constructing or repairing buildings, and an ordinance granting such reasonable temporary use is entirely proper.

Nor can we see any good reason why appellee, Vogt, who was charged with placing and permitting to remain on the street a dangerous obstruction, should not be permitted to justify her use of part of the street by the introduction of the ordinance and permit.

The case was fairly submitted to the jury, and we perceive no prejudicial error in the record.

Judgment affirmed.