## Dudley v. Town of Smithland.

(Decided February 23, 1917.)

### Appeal from Livingston Circuit Court. -

1. Municipal Corporations—Damages—Pleading.—A city of the sixth class is not liable in damages to one injured by the falling of his buggy from a sidewalk into a ditch between the sidewalk and street, where the plaintiff admits in his petition that, on account of the darkness of the night, he abandoned the guidance of his horse, which, left to his own selection of the way, went upon the sidewalk with the buggy instead of remaining in the street. In such state of case the action of the circuit court in sustaining a demurrer to the petition was not error.

2. Municipal Corporations—Streets and Other Public Ways.—A city must keep its streets in reasonably safe condition for the use of persons and vehicles traveling thereon, and must also keep its sidewalks in reasonably safe condition for the use of pedestrians; but it is under no duty to keep the sidewalks in reasonably safe condition for the use of horses or vehicles. Hence, its failure to provide a guard rail along the edge of the pavement next the ditch to prevent horses or vehicles passing over the pavement from falling into the ditch, was not negligence.

3. Municipal Corporations—City Under No Duty to Light Streets.— As to the question of lights, a city is under no duty to light its streets; it may, if it chooses to do so, leave them unlighted, and cannot be made liable in damages to a traveler who is injured solely because of its failure to light them. Especially is this so where the petition fails to allege that the city has provided a system for lighting the streets or that having previously maintained a light on the street where the accident occurred, it failed to do so on the night of such accident.

W. J. CLARK for appellant.

CHAS. FERGUSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

This action was brought by the appellant, H. H. Dudley, against the appellee, Town of Smithland, seeking the recovery of damages for personal injuries resulting to him, as alleged, from the negligence of the appellee in failing to keep one of its streets and the sidewalk thereof in a reasonably safe condition for the use of persons riding in vehiciles. The appellee filed a general demurrer to the petition, which the circuit court sustained. Appellant declining to plead further, his petition was dismissed at his cost. From the judgment manifesting these rules he has appealed.

The petition sets out in great detail, and with many repetitions, both the facts and evidence upon which appellant rests his right of recovery. It appears from its averments that his injuries were received under the following circumstances: He is a practicing physician and in returning, from a professional call, to his home in Smithland about nine o'clock p. m., September 30th, 1915, upon reaching Level street, from a street intersecting it, the livery horse he was driving to his buggy, instead of turning into and following Level street, walked up on a granitoid pavement bordering it, from which the buggy fell into an open ditch or sewer, four feet deep and of as great a width, at the edge of the pavement and between it and the street, thereby throwing appellant into the ditch and greatly bruising and injuring his person, but without breaking any of his bones. Among other things it is, in substance, alleged, in the petition, that it was raining and an unusually dark night, which conditions so hindered the appellant from seeing the way that he abandoned the guidance of the horse he was driving and left it to that animal to find the way and keep in the street; that the appellee negligently failed to provide or maintain lights for Level street, or any of its streets, or to provide a hand rail to the pavement, or between the ditch and the street, to prevent persons, horses and vehicles from falling therein; and by reason of such negligence the use both of the street and pavement was rendered dangerous, which negligence caused appellant and his buggy to be thrown into the ditch, resulting in the injuries sustained by him. Reduced to its final analysis, the petition rests appellant's right of recovery upon the alleged negligence of appellee in failing to light its streets, and failing to provide a guard rail at the edge of the pavement next to the ditch, or between the ditch and street. The petition admits the ditch was not in the

street, but that it ran along its side next to the pavement, and also admits appellant's knowledge of the ditch and its location with reference to the street and pavement. In brief, according to the allegations of the petition, the accident was not caused by the falling of the buggy into the ditch by appellant's driving along the street where he had a right to be, and it was his duty to drive, but because of the horse getting upon the sidewalk with the buggy, where appellant had no right to permit him to go or carry the buggy, and where he would not have gone but for the negligence of appellant, who was driving, in abandoning him to his own will and guidance. There is, therefore, no ground upon which to rest his complaint that the accident resulted from the negligence of appellee in failing to provide a guard rail or barrier along the ditch next the street, for the presence of such a barrier would not have prevented the accident as the buggy did not fall into the ditch from appellant's driving on the street. On the other hand, it is equally apparent that appellee was not guilty of negligence in failing to provide a guard rail along the edge of the pavement next to the ditch to prevent vehicles passing over the pavement from falling into the ditch, as the pavement was not designed or intended for the use of horses or vehicles, but for pedestrians alone.

Cities are only required to keep their streets in reasonably safe condition for public travel, and to exercise ordinary care to do so, and such duty arises only as to the streets undertaken to be improved. Moreover, the character of the inprovements is a matter resting in the discretion of the city authorities. Gee's Admr. v. City of Hopkinsville, 154 Ky. 263; 46 L. R. A. (N. S.) 229. Elam v. City of Mt. Sterling, 132 Ky. 657; 2 Dillon Mun. Corp., sec. 1019. Whether appellee should have maintained a guard rail on the pavement bordering the ditch is not here a matter necessary to be determined. Only a pedestrian, injured by falling into the ditch while walking upon the pavement under such conditions as would have prevented him from knowing of its close proximity to the sidewalk, and of the danger arising therefrom, could complain of the failure of the city to provide such a safe guard. Manifestly, appellee is not liable to appellant for the injuries sustained by the falling of his buggy from the pavement into the ditch, for the pavement was not maintained for the use of horses or vehicles. Consequently, no duty rested upon appellee to provide such a

barrier as would prevent them from falling from the pavement into the ditch.

In Webster v. City of Vanceburg, 120 Ky. 320, we held that:

"The sidewalks of a city are intended solely for the use of pedestrians. While they must be kept in reasonably safe repair for such use, the city is not bound to keep them fit for the use of vehicles also. If drivers of vehicles, nevertheless, use them for passage of their wagons, they must do so at their peril."

In King v. Village of Fort Ann, 73 N. E. 481, 180 N. Y. 496, the court, in refusing a recovery resulting from an accident similar to that in the instant case, said:

"The evidence does not show why or for what reason the plaintiff allowed his team to leave the roadway, which was perfectly safe, and proceed upon the side of the road, which was not safe. Doubtless, it was a mistake on his part, due possibly to the darkness of the night, but it was a mistake which the defendant's officers were not bound to anticipate or guard against. It is one of those unfortunate accidents that frequently happen upon country highways to travelers in the night, but to hold that the town or the village, or the public authorities are to be held responsible in pecuniary damages for such an accident would impose upon them a burden quite serious, if not unjust."

It is not alleged in the petition that the city, having provided a system for lighting the streets, failed on the occasion of the accident, to maintain a light on Level street. On the contrary, it is alleged therein that appellee did not have such a system or maintain lights upon any of its streets. It cannot, therefore, be claimed that its failure to have a light upon Level street, at or near the place of the accident, on the night in question was negligence. A city or town is not required to light its streets, and in some jurisdictions it has been held that it is not liable in damages resulting from such failure, even though it have an ordinance requiring the streets to be lighted. It is not, however, alleged by appellant, in his petition, that the appellee has such an ordinance. This question was considered in Gee's Admr. v. City of Hopkinsville, *supra,* and in discussing it we, in the opinion, said:

"Coming now to the question of lights, the same principles apply as do in the construction of streets. A city is under no duty to light its streets; it may, if it chooses

to do so, leave them unlighted, and cannot be made liable in damages to a traveler who is injured solely because of its failure to light them.''

After all is said, it is apparent from the averments of the petition, as a whole, that the proximate cause of the accident resulting in appellant's injuries was the darkness of the night and his own negligence in leaving to the inclination of the horse he was driving, the selection of the way to be traveled. In other words, the petition fails to state a cause of action. Hence the demurrer thereto was properly sustained.

For this reason the judgment is affirmed.