### City of Ashland, et al. v. Williams.

(Decided May 20, 1924.)

### Appeal from Boyd Circuit Court.

1.    Appeal and Error—Subpoena Adduces Tecum Not Granted in Absence of Affidavit that Instructions Embodied in Bill of Execptions were Not the Proper Ones.—A subpoena adduces tecum to bring to Court of Appeals original bill of exceptions will not be granted on affidavits showing that in the original bill of exceptions instructions given by court are not inserted; words "the clerk will here insert them" following naming of instructions by number, in absence of complaint that clerk has inserted wrong papers.

2.    Municipal Corporations—Street Railroads—Whether Collision with Automobile or Obstruction in Street was Proximate Cause Held for Jury.—In action against city and electric railway for injuries to motorcyclist colliding with automobile, whether proximate cause of injury was collision with automobile and not obstruction of street held for jury.

3.    Municipal Corporations—Street Railroads—Duty of City and Railway when Street Obstructed to Give Warning.—It was duty of city and electric railway, when street was obstructed during re-

pairs to pavement and track, to give such warning and notice by barriers and lights and other means as were reasonably sufficient to warn travelers, and both are liable if obstruction was proximate cause of injury.

4. Municipal Corporations—Street Railroads—Court Held to have Erred in Refusing Instruction Relative to Proximate Cause.—In action against city and electric railway for injuries to motorcyclist colliding with automobile alleged to be due to pile of bricks in street, where court did not define proximate cause, held, that it erred in refusing to instruct that there could be no recovery if collision would have occurred even though obstruction had not been in street, or in not giving some instruction covering question.

5. Municipal Corporations—Street Railroads—Court should Instruct as to Duty of Motorcyclist as to Lights at Night.—In action by motorcyclist against city and electric railway for injuries received in collision with automobile claimed to be due to bricks piled in street and not properly lighted, held, that court should have instructed as to plaintiff's duty as to lights on his motorcycle under Ky. Stats., section 2739g, subsection 24.

6. Municipal Corporations—Street Railroads—Proper Instruction as to Duty of Motorcyclist to Keep Lookout Ahead.—In action against city and electric railway for injuries to motorcyclist colliding with automobile, alleged to be due to pile of bricks in street, court in defining plaintiff's duties after words "keep a lookout ahead for persons and vehicles" should add words "and other things."

7. Municipal Corporations—Street Railroads—Proper Instruction as to Whether Pile of Bricks was Proximate Cause of Automobile Collision.—In action against city and electric railway for injuries to motorcyclist colliding with automobile at night claimed to be due to pile of bricks in street, proper instruction, concerning obstruction as proximate cause if collision would have occurred if obstruction had not been in street, stated.

JOHN L. SMITH, GEORGE B. MARTIN and JOHN T. DIEDRICH for appellants.

C. R. LEVI, J. B. ADAMSON and DYSARD & ADAMSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Appellee, while riding his motorcycle, received a serious injury in Ashland, Kentucky, November 7, 1919, and brought this action to recover therefor. The facts are these:

Winchester avenue runs east and west parallel to the Ohio river. The tracks of the Ohio Valley Electric Railway are in this street. For some weeks before No-

vember, 1917, the railway company was repairing its track and to this end had taken up the brick between the tracks and was running its cars on a temporary track north of the permanent track. The bricks were stacked on the north side of the temporary track, the stack being about four feet wide and three feet high and extending for several squares and about ten feet east of the intersection of 17th street with Winchester avenue. Appellee worked at a lumber plant near the river front on 17th street. His route home was south on 17th street to Winchester avenue and thence east on the south side of Winchester avenue. He left his place of work at five o'clock on a motorcycle with a friend whom he was taking home on it with him. As he passed Winchester avenue that morning going to his work he noticed that the track was completed and that all that was to be done was to move the pile of brick projecting across 17th street. Theretofore as he returned in the evening lights were on this pile of brick and a watchman there who would signal to him to come on. But as he returned this evening there were no lights and no watchman so he assumed that the way was clear. He was running about eight miles an hour. When he got to Winchester avenue he saw an automobile coming west on Winchester avenue and on the north side about 150 feet from him. The testimony is conflicting as to what followed. The testimony for him is to the effect that he had plenty of time to cross Winchester avenue in front of the automobile and that thinking the way was clear he went ahead until he saw the bricks in front of him; that then he checked his car and undertook to turn to the west, just as he did this the automobile came along and the front wheel of the automobile struck the front wheel of his car, and this threw the motorcycle against the car, breaking his leg about three inches above the knee; that the collision was due wholly to his having to check his car and turn to the west by reason of the obstruction. On the other hand, the proof for the defendants is to the effect that the automobile was running about eight miles an hour, intending to stop after passing the intersection and that the motorcycle ran into the automobile front on striking it about the middle of the body. There was a verdict and judgment for the plaintiff for $10,500.00 against both the city and the railway company and their motion for a new trial having been overruled they appeal.

After the verdict was returned the defendants moved the court for judgment notwithstanding the verdict on the ground that there was no reply filed to the second paragraph of the answer of the city pleading contributory negligence. The record shows this order entered at a previous term of the court: "The plaintiff this day produces his reply to the second paragraph of defendants answer herein which is filed." The reply to the city's answer was not in the record when the case was tried, but it was shown by the attorney and the clerk that the reply was filed as stated in the order and a carbon of the reply, which had been retained by the attorney, was filed on the hearing. Plaintiff on the showing made moved the court to supply the lost record by filing the carbon in lieu of the original reply which was lost. The court overruled the motion for judgment and also overruled the plaintiff's motion to substitute the carbon of the reply for the lost paper. The record sufficiently shows that the reply was filed and the motion for judgment, notwithstanding the verdict, was properly overruled; but the court should on the showing made have sustained the plaintiff's motion to file the carbon of the lost paper and on the return of the case this will be done.

In this court a motion has been made for a *subpoena duces tecum* for the clerk of the court to bring to this court the original bill of exceptions, and in support of that motion affidavits have been filed showing that in the original bill of exceptions the instructions given by the court to the jury are not inserted, but that these words are used after naming the instructions by number: "The clerk will here insert them." The clerk has inserted the instructions as directed by the court and they are identified by the judge's signature as given or refused. There is no complaint that the clerk has inserted the wrong papers. In Meaux v. Meaux, 81 Ky. 478, this court thus stated the rule on the subject:

"The usual mode of making up bills of exceptions is by the direction, *here insert* instructions 1, 2, h, or instructions a, b, h, or instructions in the handwriting of the court or counsel, so as the clerk can identify them; and when copied into the bill of evidence, in the usual form, the bill is complete and the instructions a part of the record; or when the

court directs the insertion of the instructions without identifying them, and the ·clerk inserts the instructions thereby making the bill complete, this court will not grant the writ of *subpoena duces tecum* that the original bill may be inspected, unless there is an affidavit that the instructions embodied in the bill were not those offered, given, or refused by the court on the trial, and so with reference to any exhibit made part of the bill of evidence.''

This case was followed in Garrott v. Ratliff, 83 Ky. 386; Higgins v. L. & N. Railroad Co., 18 R. 900; L. & N. R. R. Co. v. Peltier, 20 R. 170, and in many other unreported cases.    The motion for *subpoena duces tecum* is overruled.

It is earnestly insisted that the proximate cause of appellee's injury was the collision with the automobile and not the obstruction of the street.  On this ground it is insisted that the defendants' motion for a peremptory instruction at the conclusion of the evidence and on all the evidence should have been given.  But the proof for the appellee being clear and positive that the automobile was a hundred and fifty feet away; that he had plenty of time to pass in front of it but for the obstruction; and that he did not run into the automobile but that the automobile ran into him when he checked up on seeing the pile of brick in front of him; it cannot be maintained on these facts that it was not a question for the jury what was the proximate cause of the injury.  In the City of Louisville v. Hart, 143 Ky. 171, the decedent through defects in a street rendering it unsafe for travel was thrown from his wagon upon a street car track immediately in front of a street car which was being run at a dangerous and negligent rate of speed and he was killed.  The recovery against the city was sustained.  In the Louisville Home Telephone Co. v. Gasper, 123 Ky. 128, Gasper while walking in a public alley adjoining his home in Louisville was knocked down and injured by a heavy wagon driven along the alley.  The telephone company maintained in the alley a telephone pole to which it negligently strung a guy wire running from the top of the pole to a block in the ground so as to form a dangerous obstruction for vehicles using the alley.  The wagon while being driven in a negligent manner ran upon the guy wire, which caused the wagon to be over-

turned and thrown upon Gasper.    Holding the telephone company liable the court said:

> "Manifestly, the injury complained of by appellee would not have been inflicted but for the negligence of the driver of the wagon, but this is not truer than the further fact that the accident would not have occurred, notwithstanding the negligence of the driver, had not the original or primary negligence of appellant operated to bring it about.    In other words, appellee was injured by the immediate negligence of the driver of the wagon, and the primary negligence of appellant, the negligence of the two concurring to cause it, and the injury being such as the maintainer of the dangerous obstruction in the alley ought reasonably to have anticipated, as likely to occur from its existence."

To the same effect is the City of Louisville v. Heitkemper, 169 Ky. 167, and Beiser v. Cincinnati, Etc., Ry. Co., 152 Ky. 522.   We do not see that this case can be distinguished from those cited.

It was the duty of the city and of the railway company, when the street was obstructed, to give such warning and notice by barriers and lights and other means as were reasonably sufficient to warn travellers on the street of the danger, and both are liable if the obstruction was the proximate cause of the injury.   Baumeister v. Markham, 101 Ky. 122; City of Louisville v. Kehr, 117 Ky. 841.   The court therefore did not err in refusing the peremptory instruction asked by the defendants.

It is earnestly insisted that the verdict is palpably against the evidence, but we do not deem it necessary to pass on this question as the case must be reversed for other reasons.

The proof is convincing that it was dark at the time of the accident; that the city lights were turned on at five-thirty; that the accident happened about five-twenty, and that the watchman put up his lights about six o'clock and was not at the intersection at the time.   The proof varies a little as to the distance from the curb to the pile of brick.   One witness puts it at ten feet, another at fifteen and another at eighteen or twenty.   The proof for the defendants shows that the automobile was running three or four feet from the curb.   If appellee ran into the automobile head on as detailed by the evidence for the defendants, the obstruction in the street was not

the proximate cause of the accident; for the space between the curb and the obstruction was not over eighteen feet under the evidence, and if he struck the center of the car with the front wheel of his motorcycle he did not have time to pass in front of the car although the street was not obstructed. The court by instruction 1 submitted to the jury the question whether the plaintiff's injury was the direct and proximate result of the obstruction in the street, but he did not anywhere define direct and proximate cause.    He refused to give the following instruction asked by the defendant:

### "Instruction No. A.

"If you believe and find from the evidence that the collision of plaintiff's motorcycle with the automobile of George Hunt would have occurred even though the obstructions had not been in said street, then the law is for the defendants, and you should find for them."

This instruction or some other covering this question should have been given.    The failure to give it under the facts of the case was prejudicial, for the instructions given practically left to the jury the question of law, what was the proximate cause of the injury?

Subsection 24, section 2739g, Kentucky Statutes, provides:

"When in operation bicycles and two-wheeled motorcycles shall have at least one, and all other automobiles, including three-wheeled motorcycles, shall have at least two lighted lamps in front, showing white, or tinted other than red, light, and of sufficient power to clearly reveal substantial objects at least two hundred, except for bicycles, fifty feet ahead."

The transcript of evidence is silent as to whether appellee had his lights on as above provided. It is said in the briefs that he testified on the trial that his lights were on and that this has been omitted by oversight of the stenographer. As it was dark it was incumbent on him to have his motorcycle lighted as provided by the statute; and it is hard for us to understand how he could fail to see a stack of brick three feet high extending entirely across the street until he got within a few feet of

it if his lights were on. The same conditions that re-quired defendants to have lights on the stack of bricks, required appellee to have lights on the motorcycle as provided by the statute. On another trial the court will instruct the jury as to the plaintiff's duty as to lights on his motorcycle. In defining his duties in instruction number 4 and after the words "keep a look-out ahead for persons and vehicles" the court will add these words "and other things." The same addition will be made in that instruction after the words "collision with persons or vehicles."

In lieu of instruction A above quoted the court on another trial will give the jury the following instruction:

"The injury to plaintiff was not the proximate result of the obstruction if the front of plaintiff's motorcycle ran into the automobile of George Hunt, striking it about the middle of the body of the car, or if the collision would have occurred although the obstruction had not been in the street; and if the jury so believe from the evidence, then in either event they should find for the defendants."

Judgment reversed and cause remanded for new trial.