## City of Providence v. Young.

(Decided February 5, 1929.)

692

RAYBURN & WITHERS and VERT C. FRASER for appellant.

DORSEY & DORSEY and C. L. WALKER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Eliza Young recovered a judgment against the city of Providence for personal injury, and the city appeals. She was riding in an automobile driven by her husband, which came in collision with a concrete mixer standing on the public street, resulting in the injuries. The errors relied upon for a reversal are: (1) That a peremptory instruction was not given; (2) that erroneous instructions were given; (3) that an offered instruction was refused; (4) that the verdict is excessive; and (5) that an attorney for the plaintiff was guilty of reprehensible conduct in his argument to the jury.

■ The argument for a peremptory instruction is based upon the testimony of Mrs. Young to the effect that she could not see the obstruction which caused the collision because of the driver being blinded by the lights of another car approaching as they came upon the concrete mixer, and because of the overhanging street light at the intersection, which created a condition like looking into the darkness from a lighted place. It is insisted that it constitutes contributory negligence as a matter of law for the driver of an automobile to continue upon the road when unable to see ahead. It must be remembered that it is the duty of a city to exercise ordinary care to keep its streets in a reasonably safe condition for public travel. Bickel Asphalt Paving Co. v. Yeager, 176 Ky. 712, 197 S. W. 417; City of Ashland v. Williams, 203 Ky. 300, 262 S. W. 273; De Garmo v. Vogt et al., 151 Ky. 847, 152 S. W. 969; City of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888. A traveler upon the street or highway has a right to assume, in the absence of notice or knowledge to the contrary, that the duty in that respect has been performed (45 C. J. p. 954, sec. 512), and that no danger will be encountered in proceeding, even though an existing but vanishing condition may prevent a present view ahead. We cannot say that the driver of a motor car must stop instantly when the road ahead is obscure, if the condition is but temporary, and no known danger lurks in the situation. He should, of course, proceed with due caution, keep upon the right side of the road (Stevens v. Potter,

209 Ky. 705, 273 S. W. 470), and, if necessary, sound his horn or take such precautions as ordinary care in the circumstances might suggest or require (E. P. Barnes & Bro. v. Eastin, 190 Ky. 392, 227 S. W. 578; Dudley v. Town of Smithland, 174 Ky. 248, 192 S. W. 21). In the case of Pugh v. City of Catlettesburg et al., 214 Ky. 312, 283 S. W. 89, 46 A. L. R. 939, it was held to be lawful, under legislative authority, to construct and maintain piers in the street for the support of an overhead railroad track; and that such structure was not so inherently and palpably dangerous as to exceed the power of the Legislature or the city to authorize; and that the city could not be convicted of negligence in failing to place additional lights on the pier when it was adequately lighted by the regular street lights. It was further said, under the peculiar facts of that case, that the proximate cause of the collision with the pier appeared to be the excessive light from another automobile which had completely blinded the driver. In the present case the obstruction in the street was wholly unnecessary and unauthorized, and the evidence as to the proximate cause of the collision was such as to warrant the jury in attributing it to the obstruction, rather than to the lights of the other car. City of Ashland v. Williams, supra; Denker Transfer Co. v. Pugh, 162 Ky. 818, 173 S. W. 139.

There are cases from sister states that go so far as to hold that when the driver of a motor vehicle is unable to see ahead, he must stop or proceed at his peril. Gaines v. City of New York, 215 N. Y. 533, 109 N. E. 594, L. R. A. 1917C, 203, Ann. Cas. 1916A, 259; Castile v. Richard, 157 La. 274, 102 So. 398, 37 A. L. R. 586. But under our law the standard of ordinary care governs the subject, and when the circumstances are so equivocal that reasonable men may disagree as to the particular duty or course of conduct demanded by the situation, the matter must be determined by a jury. Fullenwider v. Brawner, 224 Ky. 274, ·6 S. W. (2d) 264.

Severe criticism is leveled at certain parts of the first, third, and fourth instructions, which are claimed to be prejudically erroneous. The first instruction imposed upon the city the duty to exercise ordinary care to keep the street reasonably safe and to warn travelers of the presence of the concrete mixer, considering the existing conditions and circumstances. This was the standard of duty which the law imposed upon the city. Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217; Tudor v. City of Lou-

isville, 172 Ky. 429, 189 S. W. 456. The third instruction contained the measure of damages and properly permitted recovery for future suffering shown by the evidence to be reasonably probable. City of Richmond v. Hill, 195 Ky. 566, 242 S. W. 867. The fourth instruction imposed upon plaintiff the duty to exercise ordinary care to discover and communicate to the driver of the car the presence of the obstruction in the street. We observe nothing in any of these instructions to justify the strictures of appellant. They applied to the city the principles proclaimed in a long and unbroken line of cases decided by this court. Certainly the fourth instruction was not prejudicial to the city. If it was subject to criticism at all, it was too stringent on the plaintiff in exacting of her the duties therein defined. Cf. Ray v. Ray, 196 Ky. 579, 245 S. W. 287.

■ The offered instruction directed the jury to find for defendant if the light from the approaching car so blinded the driver and occupants of the plaintiff's car that she could not see the concrete mixer, even though proper lights had been placed upon it. The jury could not find for plaintiff under the instructions given, unless it found that the failure of the city to discharge its primary duties therein defined was the direct and proximate cause of her injuries. It was arguable that the accident may have been caused by something for which the city was not responsible, but it was sufficient for the instruction to limit the liability of the city to causes for which it was responsible, and which directly resulted in the plaintiff's misfortune. But there was no need for a further instruction, when the sole issue in the case was so sharply defined. Nor could the city be exonerated from the consequences of its negligence by the coincidence of conditions which it was reasonably bound to foresee. The street was for the use of lighted automobiles, as well as other vehicles, and it was necessarily known, and could have been anticipated, that two cars might meet at the point where the obstruction was allowed to exist for an unreasonable length of time. The approach of the other car was but an incident or condition of the accident, and not the cause of the misfortune. Callihan Adm'r v. C. & O. Ry. Co., 203 Ky. 782, 263 S. W. 339; Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239; Dunn v. Central State Hospital, 197 Ky. 807, 248 S. W. 216.

■ The verdict of $1,270 is not excessive. The plaintiff sustained a deep cut on her head, requiring nine stitches to close, an artery was cut, and she bled profusely. She received numerous bruises, and both her arm and leg were injured. The wound did not heal for five or six weeks, and the shock of the accident made her nervous. She endured great pain, and her strength was materially impaired from the extreme loss of blood. Her physician testified that a gash in her forhead was 3½ inches long, to the bone, and required nine stitches to close. He attended her regularly for five or six weeks and observed that she suffered quite a good deal of intense pain. She was also bruised on her shoulders, arms, and hips, and as a consequence of the injuries she is in a nervous condition requiring treatment. It is peculiarly the province of the jury to estimate the amount of money reasonably necessary to compensate for personal injuries. In the very nature of things, there can be no hard and fast rule on the subject. Our power to reverse a judgment upon such ground is limited to cases where the damages are so grossly disproportionate to the injury as to strike the mind at first blush as the result of passion and prejudice on the part of the jury. Welch v. Jenkins, 190 Ky. 479, 227 S. W. 798.

Each case must be considered in the light of its own peculiar facts, and for that reason other cases on the subject are not particularly pertinent. But it will be seen from our many decisions that verdicts invariably have been sustained when not capricious or arbitrary, but rested upon evidence affording a reasonable basis for the award. Big Sandy & K. R. Co. v. Keaton, 206 Ky. 156, 266 S. W. 1056; J. Abraham & Sons v. Fallis, 210 Ky. 129, 275 S. W. 380; Cynthiana Tel. Co. v. Asbury, 147 Ky. 307, 143 S. W. 1050; Southern Ry. Co. v. Owen, 164 Ky. 571, 176 S. W. 25; Williams v. Schmidt, 213 Ky. 122, 280 S. W. 494; Cincinnati, N. O. & T. P. R. Co. v. Hughes, 173 Ky. 693, 191 S. W. 495.

■ The misconduct of the attorney for plaintiff relied upon by the appellant consisted of an argument to the effect that the law invested cities with the right of eminent domain and imposed upon them corresponding duties to the public, which was coupled with an impassioned appeal that the city be held rigidly to its legal obligations, and a verdict rendered that would teach it a lesson, as well as compensate plaintiff. It is apparent that the jury added nothing to its verdict beyond that justified

by the evidence. The argument amounted merely to a discussion of the foundation of the rights and correlative duties of a city, and it could not have operated prejudicially to appellant. It was not such an argument as was calculated to inflame or prejudice the minds of the jury. The latitude allowed counsel in addressing the jury is great, and must not be used as a license to inflame or arouse passion and prejudice; but so long as the argument is pertinent to the law as given by the court in the instructions, and consistent with the facts proven and the reasonable deductions and inferences to be drawn therefrom, it does not transcend the limits of the law or warrant our interference. Johnson v. Com., 225 Ky. 416, 9 S. W. (2d) 53; Gunterman v. Cleaver, 204 Ky. 62, 263 S. W. 683.

We perceive no possible prejudice that could have ensued from the argument in question, or how it could be considered a violation of the rules regulating the conduct of counsel in making an argument.

Judgment affirmed.